John L. BRADY et al., Appellants,

v.

CITY OF SAN ANTONIO et al., Appellees.

No. 13328.

Court of Civil Appeals of Texas.

San Antonio.

April 9, 1958.

Rehearing Denied May 7, 1958.

Porter, Madalinski & Mondin, San Antonio, for appellants.

Carlos C. Cadena, Charles L. Smith, San Antonio, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Armstead Brady and Charles McKnight against the City of San Antonio and the Firemen's and Policemen's Civil Service Commission of the City of San Antonio, seeking to have themselves classified as police officers under the provisions of Art. 1269m, Vernon's Ann.Civ.Stats., and for all the pay, rights and privileges accorded thereunder. During the pendency of the suit, Armstead Brady ·died and his sole surviving son, John L. Brady, was substituted as a party plaintiff in his stead. The trial was before the court and resulted in judgment declaring Charles McKnight entitled to be classified as a Custodial Worker in the Police Department under Civil Service, as is provided by Art. 1269m, supra, and granting him judgment for back pay based upon the minimum salary provided for in Art. 1583–2, Vernon's Ann.Penal Code. Brady recovered judgment for back pay as substitute for his father, for a period of two years preceding the filing of the suit, based upon the minimum pay for a Custodial Worker.

Both sides have appealed, but Brady and McKnight will be designated as appellants and the City of San Antonio and Firemen's and Policemen's Civil Service Commission as appellees.

Appellees raise the question that the Act of the Legislature now codified as Art. 1269m, Vernon's Ann.Civ.Stats., is unconstitutional as being passed by the Legislature in violation of Section 56, Art. III, of the Constitution, Vernon's Ann.St., prohibiting the passage of a local law regulating the affairs of cities. This exact question was passed upon in Austin Fire & Police Department v. City of Austin, Tex.Civ.App., 224 S.W.2d 337. The Supreme Court granted a writ of error in this case, but necessarily agreed with the Court of Civil Appeals on this point, as the holding was in no way disturbed. Austin Fire & Police Department v. City of Austin, 149 Tex. 101, 228 S.W.2d 845.

The constitutionality of Art. 1269m was upheld in City of Fort Worth v. Fire Department of City of Fort Worth, Tex. Civ.App., 213 S.W.2d 347. This holding was not disturbed by the Supreme Court, though a writ was granted. Fire Department of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664. In Glass v. Smith, 150 Tex. 632, 244 S.W.2d 645, 653, Justice Calvert, speaking for the Supreme Court, said:

"It may. be added, in passing, that the contention that Article 1269m is void because it is a local or special

law passed in violation of Article III, Section 56 of the Constitution, was directly before this Court in the case of Fire Department of City of Fort Worth v. City of Ft. Worth, 147 Tex. 505, 217 S.W.2d 664, and although the Court did not write on the question the contention was necessarily overruled when the Court declared the act constitutional."

In the light of these decisions, we feel that, at this late date, we should not again go into the constitutionality of Article 1269m, supra. We overrule appellees' contention that such article is void and unconstitutional.

Appellees next contend that the alleged rights of McKnight and Brady are barred by laches. This contention was presented to this Court in City of San Antonio v. Castillo, 293 S.W.2d 691, and there decided adversely to appellees' contention. The point is overruled.

Appellants' first contention is that the court erred in denying their motion for summary judgment. We overrule this contention. The question here is whether the evidence supports the judgment rendered. There is nothing in the record to show that the trial court ever ruled upon appellants' motion for summary judgment.

Appellants next contend that the trial court erred in classifying them as custodial workers instead of as policemen, and allowing them only the minimum salary fixed by Art. 1583–2 of Vernon's Texas Penal Code, rather than the salary fixed by the City for policemen. This proposition was resolved against appellants' contention in our opinion in City of San Antonio v. Handley, Tex.Civ.App., 308 S.W.2d 608.

Appellants next contend that the court erred in limiting their recovery to a period of two years next before they instituted their suit. We overrule this contention. The only type of controversy which requires a member of the police department to first appeal to the Civil Service Commission is one involving dismissal, suspension or demotion. Sec. 18, Art. 1269m, supra. Appellees did not waive the statute of limitations. City of Houston v. Chapman, Tex.Civ.App., 145 S.W.2d 669; Simpson v. McDonald, 142 Tex. 444, 179 S.W.2d 239; 28 Tex.Jur. 246, § 148.

Appellees contend that we should amend the judgment so as not to allow McKnight any back pay after August 21, 1957, the effective date of House Bill 79, c. 391, 55th Legislature, an Act amending Art. 1269m, supra. To sustain appellees' contention would give to House Bill 79 a retroactive effect, which we declined to do in City of San Antonio v. Handley, supra.

The judgment of the trial court is affirmed.