**Jim STAFFORD, Appellant,**

v.

**FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION OF the CITY OF BEAUMONT, Texas, Appellee.**

No. 6530.

Court of Civil Appeals of Texas.

Beaumont.

March 1, 1962.

M. Herbert Oldham, Beaumont, for appellant.

Keith, Mehaffy, McNicholas & Weber, George Murphy, City Atty., Beaumont, for appellee.

## STEPHENSON, Justice.

This case arises under the Firemen's and Policemen's Civil Service Act, which is in effect in the City of Beaumont, Texas. Appellant was Inspector of Detectives of the City of Beaumont. The Chief of Police suspended appellant indefinitely and he appealed to the Civil Service Commission. This matter was heard by the Commission and an order was entered permanently discharging appellant from which he appealed to the District Court. Following a hearing before the trial court, a judgment was entered confirming the dismissal of appellant.

The order of indefinite suspension gave two primary reasons for such action. The first was "Neglect of Duty" in failing to make arrests and file complaints for the offenses of prostitution, and keeping and controlling a bawdy house. The second reason was "Conduct prejudicial to good order" in suggesting to two young detectives that they have intercourse with prostitutes during the course of a visit to a house of prostitution.

All of the testimony shows that on the particular occasion in question, appellant and two young detectives went to the Marine Hotel in the City of Beaumont. The madame and the girls were questioned and their health cards were checked. The evidence showed, without question, that this was a house of prostitution. No arrests were made, and no complaints were filed. Appellant contends that inasmuch as no "action" took place in their presence, that there was no violation of any law in their presence, and therefore he could not make an arrest nor file a complaint. Appellant also contends that he had received orders from the Chief of Police Mulligan not to make arrests for prostitution. Mr. Mulligan testified before the trial court and his testimony is conflicting in that on direct examination he said he had instructed appellant to check the houses of prostitution but not to make any arrests, and then on cross-examination he said that he told appellant during the fall of 1959 to close these houses of prostitution and to keep them closed and that this order was never countermanded.

The law imposed a duty upon appellant under Article 609 of the Penal Code of the State of Texas to make complaints under oath of all vagrants in his knowledge. A prostitute is specifically named as a vagrant under Article 607 of the Penal Code, Vernon's Ann.P.C. art. 607. This is an obligation placed upon a peace officer by the law of this state and anyone failing to comply is subject to removal regardless of instructions from a superior officer. Appellant's failure to file complaints against these prostitutes was a "Neglect of Duty".

Appellant testified that he did not make a suggestion to the two detectives "that they have a girl on the house." The two young detectives testified unequivocally that this suggestion was made by appellant two or three times. The counsel of appellant states that if the suggestion was made, it was purely in jest. A question of fact was raised by the testimony, both as to whether

the statement was made, and if made whether it was made in jest. These were questions of fact for the Civil Service Commission to determine, which they did, adversely to appellant. The Commission found that this was "Conduct Prejudicial to Good Order."

 The trial court and this court are both governed in this type of suit by the substantial evidence rule. Fire Department of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664. The Court may not substitute its findings for the decision of the Commission. Kavanagh v. Holcombe, Tex.Civ.App., 312 S.W.2d 399. There was substantial evidence to reasonably support the decision of the Civil Service Commission.

The judgment is affirmed.