**CITY OF PASADENA et al., Appellants,**

v.

**Thomas W. BARRON et al., Appellees.**

**No. 1814.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 24, 1978.

Rehearing Denied June 14, 1978.

Charles A. Easterling, City Atty., City of Pasadena, Pasadena, for appellants.

Robert E. Ballard, Michol O'Connor, Kronzer, Abraham & Watkins, Houston, for appellee John M. Ballard.

John Emmett Crow, Pasadena, for appellee Thomas W. Barron.

COULSON, Justice.

On March 24, 1977 Leroy Mouser, Chief of the Pasadena Police Department, indefinitely suspended officers Thomas W. Barron and John M. Ballard. Chief Mouser took this action based on his belief that the two men had conceived and executed a plan to furnish false evidence of an assault on Barron and thereby develop a plausible explanation for Barron's use of deadly force against a misdemeanor theft suspect. In essence, the officers' plan required Barron to tell his superiors that Michelle Ann Eversole, the misdemeanor theft suspect he had attempted to arrest, had pointed a pistol at him as she drove past him, and that it was in reaction to this threat that he fired six pistol shots at her automobile as it sped away; Ballard agreed to supply a "throw down gun" to substantiate this story. This plan was put into effect and Ballard placed a pistol along the route driven by Eversole, so that it would appear that she had the weapon when she escaped from Barron and

had discarded it so as to avoid having it found in her possession. Ballard then told another officer where the pistol could be found, as indeed it was. Other policemen were skeptical about Barron's report, even following, or perhaps because of, the production of the pistol. This skepticism culminated in the indefinite suspensions. The Civil Service Commission of the City of Pasadena found that the charges contained in the letters of indefinite suspension filed by Chief Mouser were true and correct, and permanently dismissed the officers from the force. Barron and Ballard appealed this action to the district court which held that the dismissals were improper and ordered reinstatement. The City of Pasadena has appealed from that decision. Since we find that the Commission's dismissal orders were supported by substantial evidence, we reverse the judgment of the trial court and render judgment that the dismissal orders are valid.

Judicial review of appeals from orders suspending or dismissing policemen or firemen is governed by the substantial evidence rule. *Fire Department of City v. City of Fort Worth*, 147 Tex. 505, 217 S.W.2d 664 (1949). Under that rule, the burden is entirely upon the party challenging a commission's order to show that it is illegal or not supported by substantial evidence. *Herron v. City of Abilene*, 528 S.W.2d 349 (Tex.Civ. App.—Eastland 1975, writ ref'd). An order will be deemed to be supported by substantial evidence unless it can be said that a reasonable mind could not have reached the conclusion the commission must have reached in order to justify its action. *Trapp v. Shell Oil Co.*, 145 Tex. 323, 198 S.W.2d 424, 441 (1946). In practice this means that "it has not taken much evidence to qualify as substantial. In fact, the evidence may be substantial and yet greatly preponderate the other way." *Lewis v. Metropolitan S. & L. Ass'n*, 550 S.W.2d 11, 13 (Tex.Sup.1977).

A considerable amount of argument in this case has centered on the admissibility of statements allegedly made by Barron and Ballard during questioning by other officers conducting an investigation into the incident. It was successfully urged in the trial court that these statements were inadmissible since they were not preceded by *Miranda* warnings and they were made under circumstances which would have required the giving of such warnings as a prerequisite to their admission in a criminal action. Since we find that there is substantial evidence to support the Commission's orders apart from these statements, we do not reach this issue, and express no opinion on it.

The evidence supporting the Commission's orders is as follows:

(1) Barron testified that he "possibly" discussed the need for a throw down gun "in a joking manner" with Ballard.

(2) Ballard directed another officer to the exact location where the pistol was found. Ballard told the other officer where he had seen a "suspicious object" during his search of the area and added that he did not want to be listed as the finder since he and Barron were friends and it would "look better" if someone else made the discovery.

(3) In an earlier search of the area where the gun was found, it had not been noticed. This point was developed in the testimony of Sergeant Ralph McAninch:

Q What were your first thoughts when you got out of the car and saw the pistol lying there in the position that you saw it?

A I first thought there was no way that pistol could have been put there by the suspect.

Q That was for what reason?

A Because not one hour prior to that time I had been standing in that very spot, looking at the pick up.

Q And the pistol was not there?

A No, sir. It was not.

(4) There were no scratches or other marks on the pistol which would indicate it had been thrown from a moving vehicle.

(5) In order for the weapon to have been thrown by Eversole out of her car and have landed in the place where it was found she would have had to throw it in an arc over the roof of her car.

This testimony, though it certainly does not compel the conclusion reached by the Commission, is adequate to support it under the substantial evidence rule. Consequently, the Commission's orders must be upheld.

Two other points remain before this court: Whether the City has brought a sufficient challenge to the trial court's judgment and whether Chief Mouser's letters of suspension were adequate.

■ The trial court filed numerous findings of fact and conclusions of law in this case. Many of these have not been directly challenged by the appellant and it is urged that these are binding on it. We think not. The trial court is not to substitute its discretion for that delegated to the Commission by the Legislature. *Trapp v. Shell Oil Co.,* 145 Tex. 323, 198 S.W.2d 424, 441 (1946). The only issues properly before the trial court were whether the Commission's orders were free from the taint of any illegality and whether they were reasonably supported by substantial evidence. *Fire Department of City v. City of Fort Worth,* 147 Tex. 505, 217 S.W.2d 664, 666 (1949). Error was properly presented on these two points. There is, moreover, some question whether findings of fact are even appropriate in this situation. Reavley, *Substantial Evidence and Insubstantial Review in Texas,* 23 S.W.L.J. 239, 241 (1969).

■ Finally, the argument that Chief Mouser's letters were inadequate since they listed the rules violated and then set out a narrative outline of the acts which constituted violations of those rules is without merit. Previous opinions by this court have addressed this point and we find no cause to vary our earlier holdings. *Nixon v. City of Houston,* 560 S.W.2d 447 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n. r. e.); *Walker v. City of Houston,* 466 S.W.2d 607 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ).

Reversed and rendered.

BROWN, C. J., not participating.