

# The Attorney General of Texas

July 30, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John J. Kavanagh, M.D.
Commissioner
Texas Department of Mental Health
and Mental Retardation
P. O. Box 12668, Capitol Station
Austin, Texas 78711

Opinion No. MW-35

Re: Authority of Texas Department of Mental Health and Mental Retardation to license private mental hospitals.

Dear Dr. Kavanagh:

The Texas Department of Mental Health and Mental Retardation is responsible for licensing private mental hospitals in the State of Texas. V.T.C.S. art. 5547–88 – 5547–99. No person or political subdivision may operate a mental hospital unless licensed by the department. V.T.C.S. art. 5547–88. You inform us that the department has in the past licensed only facilities which fit the traditional concept of a private mental hospital. Your rules for licensing reflect this practice, since they require a physical plant, services, and staffing similar to those of a general hospital. See e.g., rules 302.03.02.006 (physical plant); 302.03.02.009 (pharmacy or drug room); 302.03.02.011 (access to clinical pathology services); 302.03.02.012 (availability of blood bank); 302.03.02.017 (clinical psychological services); 302.03.02.021 (medical staff); 302.03.02.027 (nursing staff). You ask whether you have authority to license as a private mental hospital a psychiatric program which has no building in which patients reside. You mention as an example a treatment facility which operates in a camp setting consisting of tents and some community buildings.

The Mental Health Code, V.T.C.S. arts. 5547–1 through 5547–300, provides in section 5547–2:

> It is the purpose of this Code to provide humane care and treatment for the mentally ill and to facilitate their hospitalization, enabling them to obtain needed care, treatment and rehabilitation. . . .

A "mental hospital" is defined as "a hospital operated for the primary purpose of providing in-patient care and treatment for the mentally ill." V.T.C.S. art. 5547–4(g). The department has broad authority to prescribe rules, regulations and standards necessary "to insure proper care and

treatment of patients in private mental hospitals." V.T.C.S. art. 5547-95. It may license a private mental hospital only if it "finds that the premises are suitable and that the applicant is qualified to operate a mental hospital in accordance with the requirements and standards established by law and by the Department. . . ." V.T.C.S. art. 5547-91(a).

The statute does not establish specific requirements for the physical plant of a private mental hospital. Compare V.T.C.S. art. 4437f, §§2(b), (b)(1) (facilities required of general hospital and special hospital). The department, as the agency in charge of enforcing the statute, has considerable discretion to fill in the details of its provisions. See Texas State Board of Examiners in Optometry v. Carp, 412 S.W.2d 307 (Tex. 1967). The rules it promulgates must of course be in harmony with the general objectives of the statute, see Gerst v. Oak Cliff Savings & Loan Ass'n, 432 S.W.2d 702 (Tex. 1968), but those objectives relate to providing proper care and treatment and "suitable" premises, rather than a particular kind of physical plant. The department's standards for the care and treatment of mental patients relate to services, personnel, procedures, equipment, medication and record keeping as well as to physical facilities.

If a particular institution does not operate in a traditional hospital building but fulfills all other requirements for a private mental hospital, and if its premises are suitable for the proper care and treatment of mental patients, the department would in our opinion have authority to license it. An administrative agency must of course exercise its power reasonably, see Fire Department of City of Fort Worth v. City of Fort Worth, 217 S.W.2d 664 (Tex. 1949), but we cannot say that an order licensing a residential treatment program as a private mental hospital would be unreasonable or an abuse of discretion merely because the patients did not reside in a traditional hospital building. The department's rules at present require a hospital building. If it determines to license a nontraditional facility, the department would have to promulgate additional standards for "suitable" premises which would encompass a nontraditional setting.

### SUMMARY

The Department of Mental Health and Mental Retardation has authority to license as a private mental hospital a residential treatment program which does not operate in a traditional hospital building if it complies with departmental standards for suitable premises and for the proper care and treatment of mental patients.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Martha Allen
David B. Brooks
Carla Cox
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood