**FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION et al.,**
Petitioners,

v.

**Charles R. BRINKMEYER, Respondent.**

No. C–2218.

Supreme Court of Texas.

Jan. 4, 1984.

Rehearing Denied Feb. 8, 1984.

F.J. Coleman, City Atty., John E. Fisher, Asst. City Atty., Houston, for petitioners.

Adamo, Cobb & Cornelius, Richard H. Cobb, Houston, for respondent.

ROBERTSON, Justice.

This is a substantial evidence case involving a police officer's appeal of an order by the Civil Service Commission upholding his indefinite suspension under TEX.REV.CIV. STAT.ANN. art. 1269m, § 18. The trial court overturned the Commission's order and granted the officer reinstatement with all back pay and benefits. The court of appeals affirmed the judgment of the trial court in an unpublished opinion. Tex.R. Civ.P. 452. We reverse and render judgment for the Commission.

On May 8, 1981, the Chief of Police of the City of Houston indefinitely suspended officer Charles Brinkmeyer pursuant to Article 1269m, § 16, TEX.REV.CIV.STAT.ANN. Brinkmeyer appealed to the Firemen's and Policemen's Civil Service Commission and, on May 26, 1981, a hearing was conducted and an order entered affirming the suspension. Brinkmeyer appealed to the district court, alleging that the Commission's decision was not supported by substantial evidence.

Brinkmeyer was working an extra job as a security guard at the Sears store on Main Street in Houston on January 29, 1981, when he became involved in a chase of a purse-snatching suspect. He lost sight of the suspect, a juvenile, near a fence adjacent to Prince's drive-in restaurant. Shortly thereafter, the suspect was apprehended outside the restaurant by an on-duty policeman, Officer Sheets. Sheets handcuffed the suspect and walked him to Brinkmeyer, who was standing on some lumber on the other side of the fence. Brinkmeyer then took custody of the prisoner by reaching over the five foot high fence and grabbing the front of the prisoner's shirt.

Up to this point, there is little disagreement on the facts. Three witnesses testified at the trial, each of whom had testified before the Commission. Brinkmeyer testified that when he took hold of the prisoner, the prisoner lifted up his head and spat in Brinkmeyer's face. To avoid being spat on again, Brinkmeyer said, he quickly shoved the prisoner's face aside and jumped over the fence to maintain control of the captive. Brinkmeyer and the prisoner then began to walk back towards Sears.

The other two witnesses claim that when the prisoner was brought to Brinkmeyer at the fence, he struck the prisoner on the head with a large, dark object, possibly a walkie-talkie. Witness Stewart was a waitress at the restaurant who was serving customers in automobiles at the time of the incident. She stated her distance to be some 50 or 60 feet from the altercation, possibly as close as 30 feet, although her testimony varied somewhat on this point. The incident occurred in the evening but the parking lot was well lit. Stewart testified she saw the handcuffed prisoner "dodging," and that Brinkmeyer struck him on the head with an object which looked like a walkie-talkie.

Witness Crutchfield was a customer at the restaurant, eating a meal with her husband in their automobile when the incident occurred. She heard Officer Sheets call Brinkmeyer by name, and heard Brinkmeyer shout back, apparently at the prisoner, "You son of a bitch." (Brinkmeyer testified his reply was "Officer Sheets.") Like Stewart, Crutchfield testified Brinkmeyer struck at the prisoner with a dark object, possibly a walkie-talkie. She got out of her automobile and called to the officer, telling him not to strike the prisoner again. Later, when the officers were leading the prisoner away, Crutchfield asked Brinkmeyer for his badge number and noticed his hands were shaking, apparently in anger. Stewart and Crutchfield testified they could not see whether the prisoner had spat at Brinkmeyer, and neither witness could deny that he had done so.

Although Section 18 of Article 1269m provides that a decision by the Civil Service Commission may be appealed for a trial de novo in district court, the case law has interpreted this to mean a review under the substantial evidence rule. In this con-

text, trial de novo means "a trial to determine only the issues of whether the agency's rule is free of the taint of any illegality and is reasonably supported by substantial evidence." *Fire Department of City of Fort Worth v. City of Fort Worth,* 141 Tex. 505, 217 S.W.2d 664, 666 (1949). The reviewing court must inquire whether the evidence introduced before it shows facts in existence at the time of the administrative decision which reasonably support the decision. *Kavanagh v. Holcombe,* 312 S.W.2d 399, 403 (Tex.Civ.App.—Houston 1958, writ ref'd n.r.e.).

■ The principles of substantial evidence review are well settled. Any difficulty applying the substantial evidence rule in cases such as this arises from the dual role the trial court must play. On one hand, the court must hear and consider evidence to determine whether reasonable support for the administrative order exists. On the other hand, the agency itself is the primary fact-finding body, and the question to be determined by the trial court is strictly one of law. *Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks,* 150 Tex. 433, 242 S.W.2d 181, 183 (1951). Thus, while the reviewing court is to a certain extent a fact-finder, it may not substitute its judgment for that of the agency on controverted issues of fact. *Trapp v. Shell Oil Company,* 145 Tex. 323, 198 S.W.2d 424, 436 (1946). When there is substantial evidence which would support either affirmative or negative findings the administrative order must stand, notwithstanding the agency may have struck a balance with which the court might differ. *Gerst v. Goldsbury,* 434 S.W.2d 665, 667 (Tex.1968). The trial court may not set aside an administrative order merely because testimony was conflicting or disputed or because it did not compel the result reached by the agency. Resolution of factual conflicts and ambiguities is the province of the administrative body and it is the aim of the substantial evidence rule to protect that function. The reviewing court is concerned only with the reasonableness of the administrative order, not its correctness. *Cusson v. Firemen's and Policemen's Civil Service Commission,* 524 S.W.2d 88, 90 (Tex.Civ.App.—San Antonio 1975, no writ).

■ The reviewing courts need not consider "incredible, perjured, or unreasonable testimony because such evidence is not substantial." *Trapp v. Shell Oil Company,* 198 S.W.2d at 440. However, the reviewing court may go no further than to examine the evidence for these infirmities. If there is substantial evidence which supports the order, the courts are bound to follow the discretion of the administrative body.

■ Brinkmeyer argues the witnesses' inability to tell whether the prisoner spat at him, and their distance from the incident, renders their testimony insubstantial. Certainly distance and imperfect viewing conditions are matters to be considered when weighing the validity of eye witnesses' perceptions. But these arguments do not reduce the testimony to the level of perjury, nor render it incredible or unreasonable. The testimony of Crutchfield and Stewart provides a story upon which reasonable minds might differ, but upon which reasonable minds could conclude that Brinkmeyer struck the handcuffed prisoner.

■ Brinkmeyer had the burden of demonstrating that the Commission's order was not supported by substantial evidence. Having failed to prove otherwise, we must presume that the rules provided for his suspension. *City of Carrollton v. Keeling,* 560 S.W.2d 488, 492 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). The propriety of a particular disciplinary measure to maintain discipline and good order is a matter of internal administration with which the courts should not interfere in the absence of clear abuse of authority. The suspension of Officer Brinkmeyer is a severe penalty, but choice of penalty is to be made by the Commission, not by this or any other court. The Commission is charged by law with

discretion to set the penalty where it finds that the charges made by the Department Head are true. *Bryant v. City of San Antonio,* 464 S.W.2d 888, 891 (Tex.Civ.App.—San Antonio 1971, no writ); *City of Carrollton v. Keeling,* 560 S.W.2d at 493.

Therefore, we reverse the judgments of the courts below and affirm the decision of the Civil Service Commission which ordered Brinkmeyer's indefinite suspension.

KILGARLIN, J., not sitting.