

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-11-00886-CV

Jorge **REYES**,
Appellant

v.

The **CITY OF LAREDO**, and Carlos R. Maldonado, Chief of Police,
Appellees

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2010CVQ001474-D3
Honorable Elma T. Salinas Ender, Judge Presiding

Opinion by:  Rebecca Simmons, Justice

Sitting:  Phylis J. Speedlin, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  December 14, 2012

AFFIRMED

Appellant Jorge Reyes was a patrolman with the City of Laredo Police Department. After a citizen's complaint about his conduct, Reyes was suspended indefinitely by the Laredo Police Chief.  Reyes appealed the suspension order to the Police Officers' Civil Service Commission, which sustained the order.  Reyes appealed the commission's decision to the district court.  After a bench trial de novo, the district (trial) court affirmed the commission's decision. Reyes now appeals the trial court's judgment to this court. We affirm the trial court's judgment.

## BACKGROUND

### A. Underlying Suit

On October 1, 2009, Reyes stopped a woman for speeding. During the stop, Reyes allegedly conducted an illegal search of the woman's vehicle. The woman complained to the Laredo Police Department that Reyes had stolen $100.00 from her purse, and the Internal Affairs Division investigated the incident. After a hearing, Laredo Police Chief Carlos R. Maldonado ordered Reyes suspended indefinitely. Reyes appealed the Chief's order to the Police Officers' Civil Service Commission. After a hearing, the commissioners sustained Reyes's indefinite suspension.

### B. District Court Trial De Novo

In his petition challenging the commission's decision, Reyes named the City of Laredo and Chief Maldonado as defendants (Appellees). *See* TEX. LOC. GOV'T CODE ANN. § 143.015 (West 2008).

#### 1. *Appellees' Objection to Reyes's Witnesses*

Preparing to support his assertion that the commission's decision was not supported by substantial evidence, Reyes filed his exhibit and witness lists. At trial, Appellees objected to Reyes's police officer witnesses. Appellees insisted that the trial court did not need to hear the same testimony the officers gave before the commission; it should instead review the commission hearing transcript. The trial court sustained Appellees' objection, and it excused the four police officers Reyes had subpoenaed as witnesses.

#### 2. *Commission Hearing Transcript Dispute*

Before Reyes's witnesses were excused, Reyes objected to admission of the commission hearing transcript: he argued that any evidence admitted in his trial de novo must conform to the

Texas Rules of Evidence. However, after the trial court sustained Appellees' objection to Reyes's witnesses, Reyes asked the trial court to admit the commission hearing transcript, and the trial court admitted it. The trial court asked the parties if they wanted to reset the trial to continue arguing the case, but the parties declined. Instead, they agreed for the case to be decided on briefs by the bench. After reviewing the transcript and the parties' briefs, the trial court found substantial evidence supported the commission's order; it dismissed Reyes's claims.

*3. Reyes's Appeal*

Reyes appeals the trial court's judgment. He asserts the trial court erred by admitting the commission hearing transcript (with supporting documents) because the trial court should have received evidence in the trial de novo that was properly presented, offered, and authenticated under the Texas Rules of Evidence.

## STANDARD OF REVIEW

This court "review[s] a trial court's evidentiary rulings for abuse of discretion." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000); *accord Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). We will not reverse the trial court's decision unless the ruling "probably caused the rendition of an improper judgment." *Auld*, 34 S.W.3d at 906; *Malone*, 972 S.W.2d at 43.

## ANALYSIS

## A. Applicable Law

A police chief may indefinitely suspend a police officer, but the officer may appeal the decision to the Fire Fighters' and Police Officers' Civil Service Commission. TEX. LOC. GOV'T CODE ANN. § 143.052(b), (d) (West 2008).

*1. Substantial Evidence Review*

If the police officer is dissatisfied with the commission's decision, the officer may appeal to the district court for a trial de novo. *Id.* § 143.015(a), (b). The "de novo" proceeding is not a new trial; it is instead "a review under the substantial evidence rule." *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 955 (Tex. 1984); *City of Hous. v. Anderson*, 841 S.W.2d 449, 451 (Tex. App.—Houston [1st Dist.] 1992, writ denied). In a substantial evidence review, the district court conducts an evidentiary hearing for the limited purpose of determining whether the commission's ruling was "'free of the taint of any illegality and is reasonably supported by substantial evidence.'" *Brinkmeyer*, 662 S.W.2d at 956 (quoting *Fire Dep't of City of Fort Worth v. City of Fort Worth*, 141 Tex. 505, 510, 217 S.W.2d 664, 666 (1949)). The reviewing court generally defers to the commission's determination of facts, including those based on conflicting and ambiguous information. *See id.* Substantial evidence is more than a mere scintilla but may be less than a preponderance of the evidence. *Tex. Health Facilities Comm'n v. Charter Med.-Dall., Inc.*, 665 S.W.2d 446, 452 (Tex. 1984); *Blanchard v. Brazos Forest Prods., L.P.*, 353 S.W.3d 569, 572 (Tex. App.—Fort Worth 2011, pet. denied). A reviewing court presumes the commission's decision is supported by substantial evidence; the complainant has the burden to prove the contrary. *See Charter Med.-Dall.*, 665 S.W.2d at 453; *Brinkmeyer*, 662 S.W.2d at 956.

*2. Evidence to Be Considered*

To show the trial court that the "facts in existence at the time of the [commission's] decision [do not] reasonably support the decision," the officer may introduce evidence in his trial de novo. *See Brinkmeyer*, 662 S.W.2d at 956. Inadmissible hearsay may be considered by the court for its probative value if it is admitted without objection. TEX. R. EVID. 802; *City of Keller*

*v. Wilson*, 168 S.W.3d 802, 812 n.29 (Tex. 2005); *Tex. Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 517 (Tex. 1999) (per curiam).

### 3. Bases for Waiving Complaint

To preserve a complaint for appellate review, an appellant must timely object to the trial court. TEX. R. APP. P. 33.1; *see also Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 907 (Tex. 2004). If the trial court errs in admitting evidence, its error "is deemed harmless and is waived if the objecting party subsequently permits the same or similar evidence to be introduced without objection." *See Volkswagen of Am., Inc.*, 159 S.W.3d at 907. Further, "a party cannot complain on appeal that the trial court took a specific action that the complaining party requested." *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005) (invited error); *accord Keith v. Keith*, 221 S.W.3d 156, 163 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

## B. Waiver

On appeal, Reyes argues the trial court erred when it (1) admitted the commission hearing transcript that was not developed under the Texas Rules of Evidence, and (2) admitted portions of the transcript that were in Spanish and not translated into English.

### 1. Trial Court Excuses Reyes's Witnesses

In its review of the commission's decision, the trial court's role was to hear witness testimony and consider evidence that the parties presented to show whether the commission's decision was supported by substantial evidence. *See Brinkmeyer*, 662 S.W.2d at 956. At the beginning of the bench trial, Appellees objected to the court hearing testimony from the four police officers Reyes had subpoenaed; they suggested the officers' testimony was not necessary, and proposed that the court consider the commission hearing transcript. Reyes insisted that he needed the witnesses and himself to testify to establish that there was no substantial evidence to

support the commission's decision. *See id.* When the trial court sustained Appellees' objection and excused Reyes's witnesses, Reyes did not call any other witnesses, seek to admit any other evidence, or ask to make an offer of proof.

### 2. *Reyes's Request to Admit Commission Hearing Transcript*

Although Reyes initially objected to Appellees' request for the court to consider the transcript, after the trial court excused his witnesses, Reyes asked the court to admit the transcript in its entirety:

> Your Honor, in light of the Court's ruling this morning that new evidence could not be introduced, after discussing this with my client, at this point, we would like to ask the Court to review the Civil Service Commission hearing transcript to show the lack of substantial evidence in conjunction with a brief outlining lack of substantial evidence.
>
> So what we're requesting respectfully, Your Honor, [is] to be allowed 14 days to submit [a] brief that outlines the lack of substantial evidence in the underlying Civil Service Commission hearing. I've conferred with the city attorneys and they are in agreement, Your Honor.

### 3. *Reyes's Request Waived His Complaints*

On appeal, Reyes does not assert that the trial court abused its discretion by not permitting his witnesses to testify. Rather, he complains that the trial court should not have considered the transcript.[1] However, after Reyes's initial objection to the transcript being admitted, he did not object when the court admitted the transcript. *See Volkswagen of Am., Inc.*, 159 S.W.3d at 907 (failing to maintain objection waives error). In fact, it was Reyes who asked the court to admit the transcript. *See Tittizer*, 171 S.W.3d at 862 (invited error). Thus, he waived any objection to the trial court admitting the transcript, including his objection that the Spanish language portions of the transcript were not translated into English. *See Volkswagen of Am., Inc.*, 159 S.W.3d at 907; *Tittizer*, 171 S.W.3d at 862. The trial court had discretion to

---

[1] On appeal, Reyes does not claim his request to the trial court to admit the transcript was only made subject to an allegedly erroneous ruling by the trial court.

consider the commission hearing transcript. *See* TEX. R. EVID. 802; *City of Keller*, 168 S.W.3d at 812 n.29; *Tex. Commerce Bank*, 3 S.W.3d at 516.

## CONCLUSION

Reyes had the burden to prove that the commission's decision was not supported by substantial evidence. When he asked the trial court to admit the commission hearing transcript, he waived his objection to the court considering it. We conclude that the trial court acted within its discretion in admitting and considering the transcript, and its ruling did not cause the court to render an improper judgment. Therefore, we overrule both of Reyes's issues. Accordingly, we affirm the trial court's judgment.

Rebecca Simmons, Justice