**Affirmed and Memorandum Opinion filed October 18, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00942-CV

---

### EVANGEL HEALTHCARE CHARITIES, INC., Appellant

### V.

### TEXAS WORKFORCE COMMISSION AND JENEBA ISHA BANGURA, Appellees

---

**On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 14-DCV-218138**

---

## M E M O R A N D U M     O P I N I O N

Evangel Healthcare Charities, Inc. appeals the trial court's summary judgment affirming the Texas Workforce Commission's final decision ordering Evangel to pay its former employee Jeneba Bangura wages owed under the Texas Payday Act. According to Evangel, the decision violates the Act and is not supported by substantial evidence. We affirm.

# I. BACKGROUND

Evangel Healthcare Charities, Inc. (Evangel) is a home health care business that hires nurses with various qualifications to see patients in their homes. Evangel employed Jeneba Bangura, a licensed vocational nurse, to work as a pediatric nurse from March 2011 to September 2013.

In October 2013, Bangura filed a wage claim with the Texas Workforce Commission (TWC) alleging that she was not paid for the last six weeks of her employment. *See* Tex. Lab. Code §§ 61.001–.095 (Texas Payday Act). Bangura sought unpaid wages totaling $8,640.00.

The TWC ruled in Bangura's favor and ordered Evangel to pay unpaid wages of $8,640.00. After Evangel exhausted the administrative appeal process, the TWC issued its final order on June 26, 2014. Evangel requested a rehearing, which was denied on September 11, 2014.

On October 3, 2014, Evangel appealed the TWC's final order by filing suit against the TWC and Bangura in the district court for a trial de novo. *See id.* § 61.062. In March 2017, the TWC and Bangura jointly filed a motion for summary judgment. In the motion, the TWC and Bangura argued that the TWC's administrative decision was reasonable and supported by substantial evidence.

Evangel responded that the time sheets Bangura submitted to the TWC could not constitute substantial evidence because they were not supported by nurse's notes and other documentation Evangel required for payment. Evangel further claimed that Bangura had submitted fabricated time records in which she purported to be caring for Evangel's patient when she was working for other employers at the same time.

After an oral hearing, the trial court signed an order granting the TWC and

Bangura's motion for summary judgment on September 25, 2017. Evangel moved for rehearing and a new trial. TWC and Bangura each filed responses to Evangel's motion. Evangel's motion was denied by written order.

## II. ANALYSIS

On appeal, Evangel contends that: (1) the TWC's decision authorizing payment of wages without supporting records violates the Texas Payday Act; (2) the time sheets independently compiled by Bangura without corresponding supporting records and accurate nursing notes do not suffice as proof of services provided for which wages were due; (3) the TWC's decision is not supported by substantial evidence; and (4) this court should consider evidence that Bangura fabricated time sheets and was simultaneously employed full time by six other employers.

### A. Substantial Evidence Review

The trial court reviews the TWC's decision on wage claims by trial de novo to determine whether there is substantial evidence to support the TWC's ruling. *See* Tex. Lab. Code § 61.062(e). A TWC ruling is supported by substantial evidence when the evidence introduced before the trial court shows facts in existence at the time of the TWC's decision that reasonably support the decision. *See Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998); *JMJ Acquisitions Mgmt., LLC v. Peterson*, 407 S.W.3d 371, 373 (Tex. App.—Dallas 2013, no pet.). Because substantial evidence is more than a mere scintilla of evidence but less than a preponderance of evidence, the evidence may preponderate against the TWC decision but still amount to substantial evidence. *Blanchard v. Brazos Forest Prod., L.P.*, 353 S.W.3d 569, 572 (Tex. App.—Fort Worth 2011, pet. denied); *see also Lewis v. Metro. Sav. & Loan Ass'n*, 550 S.W.2d 11, 13 (Tex. 1977).

Whether substantial evidence exists to support the TWC's decision is a

3

question of law. *See Tex. Dept. of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006; *Blanchard*, 353 S.W.3d at 572. The trial court may not set aside the TWC's decision merely because it would have reached a different conclusion. *See Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex. 1986); *JMJ Acquisitions*, 407 S.W.3d at 374. Nor may the trial court set aside the decision because the testimony was conflicting or disputed or because it did not compel the result reached by the agency. *Firemen's and Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex. 1984); *JMJ Acquisitions*, 407 S.W.3d at 374. The TWC's decision carries a presumption of validity and may be set aside only if it was made without regard to the law or the facts and therefore was unreasonable, arbitrary, or capricious. *See Collingsworth*, 988 S.W.2d at 708; *JMJ Acquisitions*, 407 S.W.3d at 374. The burden rests with the complaining party to demonstrate an absence of substantial evidence. *Tex. State Bd. Of Dental Exam'rs v. Sizemore*, 759 S.W.2d 114, 116 (Tex. 1988).

When reviewing a summary judgment granted by the trial court in its de novo review of a TWC decision, we compare the TWC decision with the evidence presented to the trial court and the governing law. *Blanchard*, 353 S.W.3d at 573. We decide whether the evidence presented established, as a matter of law, that substantial evidence existed to support the TWC decision. *Id.*; *JMJ Acquisitions*, 407 S.W.3d at 374. We review questions of statutory construction de novo. *See First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631 (Tex. 2008).

## B.    Application of Law to Facts

### 1.    *Payday Act Violation*

In its first issue, Evangel contends that the TWC's decision violates the Texas Payday Act. Evangel argues that throughout the administrative proceeding, Evangel testified that it determined compensation based on time sheets and accurate records

4

of services provided, and that Bangura "followed this practice from hire until she began to defraud Evangel." According to Evangel, the TWC's decision that Bangura was owed wages when she submitted time sheets without the additional documentation Evangel required runs contrary to the Payday Act, which "affords [the] employer the right to compute [the] employee's wages in a certain manner." Evangel cites the Payday Act's definition of "wages" as "compensation owed by an employer" for "labor or services rendered by an employee, whether computed on a time, task, piece, commission, or other basis." *See* Tex. Lab. Code § 61.001(7)(A). Evangel asserts that it computes compensation for its nurses based on time and task and that "[t]he task encompasses the required record."

Evangel complains that the TWC told Bangura to complete her time sheets to include hours she believed she worked only after the purported services were provided, and therefore the time records could not have been signed by the patient or patient's guardian at the close of each visit and were produced "after the fact." Thus, Evangel argues, the TWC "meddled with Evangel's records because the signed time [sheet] is part of the accurate record requested of Bangura that she could not produce." However, the time sheets that were provided to the TWC and included in the summary judgment record reflect the dates, times, and total hours worked by Bangura, as well as the signatures of both Bangura and the patient's guardian on forms provided by Evangel. Evangel did not object to these time record in its response to the summary judgment motion.

Evangel claims it requires both the time records and the additional documentation of the services provided to patients before it can accurately calculate Bangura's compensation, and it also requires this documentation so that Evangel can be reimbursed for those services by federal and state agencies.[1] Evangel's position

---

[1] Evangel provides no documentation of any company policy or procedure requiring both

is that if Bangura provided time sheets without accurate records of the services she provided, she did not do the work and so was not entitled to be paid. The TWC did not agree with this position, however, and ordered Evangel to pay Bangura based on her testimony and the time sheets documenting the hours she worked.

Evangel may disagree with the TWC's decision that Bangura was entitled be paid based on her testimony and time records, but Evangel points to no statutory provision or other authority to support its contention that the TWC's decision somehow violates the Payday Act. The TWC's decision is not unreasonable merely because the testimony was conflicting or disputed or did not compel the result the TWC reached. *See Brinkmeyer*, 662 S.W.2d at 956; *JMJ Acquisitions*, 407 S.W.3d at 374. We overrule Evangel's first issue.

### 2. *Sufficiency of Time Records as Evidence*

In its second issue, Evangel contends that the TWC's reliance on Bangura's time sheets is not evidence of work done because the "timesheet by itself does not equal time worked without accurate records showing time and task." Consequently, Evangel argues, the time records are only "a scintilla" of evidence that is not sufficient to entitle Bangura to wages. In support of this argument, Evangel cites two cases in which the TWC's decisions were reversed because they were not supported by substantial evidence. *See Kellum v. Tex. Workforce Comm'n*, 188 S.W.3d 411 (Tex. App.—Dallas 2006, no pet.); *Lohmuller v. Tex. Workforce Comm'n*, No. 14-00-00008-CV, 2000 WL 1862824 (Tex. App.—Houston [14th Dist.] Dec. 21, 200), no pet.) (not designated for publication).[2]

---

time sheets and specific additional documentation prior to payment for services rendered, nor does Evangel point to any federal or state agency rule, regulation, or other provision that health care providers like Evangel must follow to be reimbursed for their services.

[2] Evangel also cites *Murray v. Texas Workforce Commission*, but contrary to Evangel's premise, the court *affirmed* the TWC's decision. *See* 337 S.W.3d 522, 523–25 (Tex. App.—Dallas

Both *Kellum* and *Lohmuller* addressed whether substantial evidence supported the TWC's decisions to deny unemployment benefits to discharged employees who allegedly engaged in "misconduct" as that term was defined for purposes of the Texas Unemployment Compensation Act. In *Kellum*, the court reversed the trial court's ruling in favor of the TWC, concluding that under the existing law and the evidence, the employee's belief that his deferred adjudication was not a conviction when he filled out his job application was neither unreasonable, unsupportable, nor dishonest, and thus did not satisfy the statutory definition of misconduct. *See* 188 S.W.3d at 414–15. In *Lohmuller*, this court concluded that the TWC's decision to deny benefits was not based on substantial evidence when the employee's refusal to work was due to the employer's "unconscionable act" of demanding that the employee work for a period of time without pay, and therefore the employee's refusal did not meet the statutory definition of misconduct. *See* 2000 WL 1862824, at *3.

Unlike *Kellum* and *Lohmuller*, the present case does not involve a proceeding under the Texas Unemployment Compensation Act, nor does it involve the interpretation of a statutory exception to the payment of wages under the Payday Act. While *Kellum* and *Lohmuller* reflect that a TWC decision may be reversed based on a lack of substantial evidence, Evangel does not explain why these cases compel reversal of the TWC's decision in this case. Evangel argues only that Bangura's time records were provided "after TWC told her to write down the times that she believed she worked" and so lacked contemporaneous verification and the

2011, no pet.) (holding that substantial evidence supported TWC's decision to deny unemployment benefits to fired employee when evidence showed that employee repeatedly violated employer's disciplinary system used to address absences and tardiness even after receiving and signing warnings that further tardiness could lead to termination and therefore his conduct satisfied the statutory definition of "misconduct" under the Texas Unemployment Compensation Act).

additional documentation Evangel contends is required for payment.

As discussed above, the time sheets Bangura provided to the TWC reflect the dates, times, and total hours worked by Bangura, as well as the signatures of both Bangura and the patient's guardian on forms provided by Evangel. This evidence constitutes more than a scintilla of proof supporting the TWC's decision. We overrule Evangel's second issue.

### 3.    *Substantial Evidence*

In its third issue, Evangel contends that the TWC's decision is not supported by substantial evidence. According to Evangel, the TWC's decision is erroneous as a matter of law because the TWC concluded that Bangura was entitled to wages without a showing of services provided by means of the records and accurate nurse's notes. Evangel argues that its own evidence and its allegation that Bangura committed fraud reflect that Bangura "did not work the purported hours."

Under the substantial evidence standard, the only issue is whether the evidence introduced before the trial court shows, as a matter of law, that facts in existence at the time of the TWC's decision reasonably support the decision. *See Sizemore*, 759 S.W.2d at 116; *Collingsworth Gen. Hosp.*, 988 S.W.2d at 708. If substantial evidence would support either affirmative or negative findings, we must uphold the order, resolving any conflicts in favor of the agency's decision. *See Auto Convoy Co. v. R.R. Comm'n*, 507 S.W.2d 718, 722 (Tex. 1974). We have already concluded that more than a scintilla of evidence shows facts in existence at the time of the TWC's decision that reasonably support its decision. Accordingly, we overrule Evangel's third issue.

### 4.    *Evangel's Evidence of Fraud*

In its fourth issue, Evangel contends that this court should consider the

evidence that Bangura "engaged in the fraud of fabricating her time sheets and records for wages" while simultaneously working full time for six other employers. The evidence Evangel refers to is a petition it filed against Bangura in a Harris County district court seeking damages for breach of contract and fraud based on fabricated time sheets, as well as an agreed judgment in that case. Evangel first submitted the documents in its motion for rehearing and a new trial, which the trial court denied. Evangel contends that because of the "overwhelming evidence of fraud" perpetrated by Bangura in fabricating records of services not provided, Bangura is not owed any wages.

Evangel does not contend that the trial court erred in denying its motion for rehearing and a new trial, but construing Evangel's brief liberally we will assume that is the basis of Evangel's argument. In response to Evangel's motion, both the TWC and Bangura argued that Evangel presented no new evidence and failed to show good cause for granting a new trial on the grounds of newly discovered evidence. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). To obtain a new trial based on newly discovered evidence, a party must show the trial court that (1) the evidence has come to light since trial; (2) it is not due to lack of diligence that it was not produced sooner; (3) the new evidence is not cumulative; and (4) the new evidence is so material that it would probably produce a different result if a new trial were granted. *Id.* The trial court's denial of a motion for new trial is reviewed for abuse of discretion. *Id.*

In its motion, Evangel did not argue that it was entitled to a rehearing or new trial based on newly discovered evidence. Further, Evangel's Harris County petition and agreed judgment reflect that the evidence was not "newly discovered." The documents show that Evangel filed the petition in 2015 and the agreed judgment was signed on August 7, 2017—well before Evangel filed its summary judgment

9

response on September 14, 2017.[3] Evangel offers no excuse for not presenting this evidence earlier, and Evangel does not argue that the evidence is not cumulative or that it is so material that it would probably produce a different result if a new trial were granted. *See Waffle House*, 313 S.W.3d at 813. Thus, the trial court reasonably could have concluded that Evangel did not demonstrate grounds for a new trial based on newly discovered evidence.

In its appellate reply brief, Evangel takes a different tack, arguing that it raised its fraud allegations during the administrative process but the TWC failed to consider its complaints. Evangel also argues that "[t]he evidence of fraud perpetrated by Bangura was in existence at the time of the trial court's summary judgment hearing" and was presented to the trial court during the summary judgment proceedings. To emphasize the latter point, Evangel refers generally to its summary judgment response, the attached affidavit of its vice-president and administrator stating that Evangel was defrauded by Bangura and had filed a lawsuit against her, the evidence presented by both sides, and the argument of Evangel's counsel at the summary judgment hearing.

Evangel's acknowledgement that both the TWC and the trial court were presented with Evangel's allegations and evidence concerning fraud allegedly committed by Bangura demonstrates that Evangel is merely complaining that neither the TWC nor the trial court sufficiently credited its evidence controverting Bangura's evidence in support of her wage claim. But as we have explained, when applying the substantial evidence standard of review, the reviewing court is

---

[3] Although the agreed judgment reflects that Evangel is to recover from Bangura a sum of money, it contains no admission of liability, and there are no findings of fact or conclusions of law indicating that the trial court resolved contested issues or found Bangura liable for fraud. Thus, even if considered, this evidence adds little, if anything, to the arguments Evangel made before the TWC that Bangura had submitted falsified time sheets for hours she did not work.

10

concerned only with the reasonableness of the administrative order, not its correctness. *See Brinkmeyer*, 662 S.W.2d at 956. The TWC's decision may not be set aside because the testimony was conflicting or disputed or because it did not compel the result reached by the agency. *See id*.; *JMJ Acquisitions*, 407 S.W.3d at 374. On this record, Evangel has not satisfied its burden to demonstrate that an absence of substantial evidence exists to support the TWC's decision that Bangura was entitled to payment for unpaid wages based on her testimony and time sheets documenting her hours worked. *See Sizemore*, 759 S.W.2d at 116. We overrule Evangel's fourth issue.

### III. CONCLUSION

On this record, we conclude that reasonable minds could have reached the conclusions that the TWC must have reached to justify its decision, and therefore the trial court did not err in granting the TWC and Bangura's joint motion for summary judgment. We therefore overrule Evangel's issues and affirm the trial court's judgment.

/s/     Ken Wise
        Justice

Panel consists of Justices Donovan, Wise, and Jewell.