Syl G. KELLUM, Appellant

v.

**TEXAS WORKFORCE COMMISSION and Danone Waters of North America, Inc., Appellees.**

No. 05–05–00718–CV.

Court of Appeals of Texas, Dallas.

March 29, 2006.

Roger L. Gette, Legal Services of North Texas, Dallas, for Appellant.

Allison V. Eberhart, Seyfarth Shaw, LLP, Houston, Anthony Aterno, Asst. Atty. Gen., Austin, for Appellee.

Before Justices MORRIS, BRIDGES, and FRANCIS.

## OPINION

Opinion by Justice MORRIS.

In this appeal from a summary judgment, Syl G. Kellum contends the trial court erred in affirming the Texas Workforce Commission's decision to deny him unemployment benefits. Kellum argues the TWC's finding that he committed misconduct is not supported by substantial evidence. Kellum further argues that the finding of misconduct cannot be supported by a theory that was never considered by the TWC. After reviewing the record, we conclude the trial court erred in affirming the TWC's decision and we render judgment in favor of Kellum.

### I.

On November 12, 2001, Syl G. Kellum applied for a job as a loader with Danone Waters of North America, Inc, a bottling company. One of the questions on the written job application asked whether he had been convicted of any felonies in the last seven years. The question specified that the applicant should not include felony convictions for which the records had been sealed or expunged. The application further noted that a felony conviction may be relevant if job related, but was not necessarily a bar to employment. In response to the question, Kellum checked the box indicating he had not been convicted of any felonies in the last seven years. Kellum was hired and began working for Danone Waters in January 2002.

Approximately two years later, Danone Waters began investigating alleged thefts by employees. As part of its investigation, the company ran a criminal background check on Kellum and discovered that in 1998, he had received deferred adjudication and been placed on community supervision for the felony offense of forgery of a financial instrument. Danone Waters terminated Kellum's employment on December 12, 2003.

Kellum applied for unemployment benefits and, on January 14, 2004, the Texas Workforce Commission notified both Kellum and Danone Waters that Kellum's request for benefits had been granted be-

cause their investigation found that Kellum was not discharged for any misconduct connected with his work. Danone Waters replied to the notice stating the company disagreed with the TWC's determination and that Kellum was discharged "for falsifying his application to conceal previous criminal activity." Danone Waters requested either a re-determination or a hearing.

The TWC appeal tribunal conducted a hearing on the matter on February 19, 2004. At the hearing, Kellum argued that his answer to the question on his employment application about previous felony convictions was not false because deferred adjudication is not a conviction. Although the TWC acknowledged Kellum's belief that he did not have a felony conviction, it went on to conclude that, because Kellum had pleaded guilty to the felony charge to receive deferred adjudication, his denial that he had been convicted of a felony was a misrepresentation of the facts. The TWC further concluded that this misrepresentation amounted to misconduct connected with his work, disqualifying him from receiving unemployment benefits.

Kellum filed suit in district court against Danone Waters and the TWC requesting a review of the TWC's decision to deny him unemployment benefits. Kellum filed a motion for summary judgment arguing the TWC's finding that he had misrepresented facts on his employment application was erroneous because deferred adjudication is not a conviction. Kellum argued that, because deferred adjudication is not a conviction, he was truthful on his application and his actions could not be considered misconduct.

Danone Waters and the TWC also moved for summary judgment arguing

there was substantial evidence to support the TWC's ruling. Danone Waters and the TWC disputed Kellum's assertion that deferred adjudication is not a conviction and further argued that the finding of misconduct was supported by evidence that Kellum had been involved in thefts of company property. The trial court granted Danone Waters and the TWC's motion for summary judgment and denied Kellum's. Kellum brought this appeal.

## II.

A TWC decision regarding benefit payments carries a presumption of validity. *Collingsworth General Hosp. v. Hunnicutt,* 988 S.W.2d 706, 708 (Tex. 1998). The party seeking to set the decision aside carries the burden to show that it was not supported by substantial evidence. *Id.* We may set aside the decision only if it was made without regard to the law or the facts and therefore was unreasonable, arbitrary, or capricious. *Id.*

Danone Waters [1] argues that Kellum was terminated for misconduct connected with his work. Termination for misconduct disqualifies an individual from receiving unemployment benefits under the Texas Unemployment Compensation Act. *See* TEX. LAB.CODE ANN. § 207.044 (Vernon 1996). Misconduct is specifically defined by the Act as

> mismanagement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of the law, or violation of a policy or rule adopted to ensure the orderly work and safety of employees.

*See id.* § 201.012. To be disqualified from receiving benefits, the alleged act of mis-

---

1. Both Danone Waters and the TWC filed briefs on appeal making identical arguments. For clarity and simplicity we will refer only to Danone Waters when discussing the appellees' arguments.

conduct must fit within this statutory definition. *See Hunnicutt*, 988 S.W.2d at 709. Furthermore, the definition is to be construed narrowly. *See Texas Employment Comm'n v. Torres*, 804 S.W.2d 213, 216 (Tex.App.-Corpus Christi 1991, no writ).

Danone Waters contends that Kellum's alleged misrepresentation on his employment application was misconduct because it violated the company's code of conduct. The relevant portion of the code of conduct states that "[d]ishonesty will lead to disciplinary action up to and including termination." But not every violation of an employer's personnel policy will trigger a denial of unemployment benefits. *See Hunnicutt*, 988 S.W.2d at 709. The violation must also amount to "misconduct" as defined by the Act. *See id.* To be misconduct, the policy violated by the employee must be one adopted to ensure the orderly work and safety of employees. *See* TEX. LAB.CODE ANN. § 201.012. Danone Waters presented no evidence and made no argument to either the TWC or the trial court to show that its broad policy of disciplining employees who are dishonest was adopted to ensure orderly work and safety. Nor did Danone Waters present any argument or evidence to show how Kellum's alleged misrepresentation on his job application detrimentally affected orderly work and safety at the company.

Even if the company's policy could be read to promote orderly work and safety, Danone Waters failed to provide any evidence that Kellum was, in fact, being dishonest when he filled out his job application. It is undisputed that Kellum believed, and still believes, that his deferred adjudication was not a conviction

and therefore did not need to be disclosed on his employment application. Danone Waters does not point to any authority that states a deferred adjudication is considered a "conviction" under these circumstances. The only instance cited by the company of a deferred adjudication being equated with a conviction is in section 12.42(g)(1) of the penal code. That section allows deferred adjudications for certain sexually-based offenses to be considered previous convictions for purposes of enhancing the punishment of repeat offenders. *See* TEX. PEN.CODE ANN. § 12.42(g)(1) (Vernon Supp.2005).[2]

This Court, however, has concluded that, absent a definition of conviction that specifically includes deferred adjudication, such as that found in section 12.42(g)(1), the term "conviction" does not encompass deferred adjudications. *See Hurley v. State*, 130 S.W.3d 501, 506 (Tex.App.-Dallas 2004, no pet.). Because a deferred adjudication does not involve an adjudication of guilt, the defendant is not convicted as that term is commonly understood. In *Hurley*, we reasoned it was necessary for section 12.42(g)(1) to explicitly include deferred adjudications within the meaning of convictions for purposes of punishment enhancement because, without such explicit inclusion, deferred adjudications would not be considered convictions. *Id.* at 507. Nothing in Danone Waters's job application defined the term conviction to include deferred adjudications. Accordingly, under existing law, Kellum's belief that his deferred adjudication was not a conviction for purposes of filling out his job application was neither unreasonable nor unsupportable. In effect, his answer to the question was not dishonest.

2. Section 12.42(g)(1) states that "a defendant has been previously convicted of an offense under Subsection(c)(2)(B) if the defendant was adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication, regard-less of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision." TEX. PEN.CODE ANN. § 12.42(g)(1).

Danone Waters argues that Kellum's general obligation to be truthful and forthcoming on his job application required him to disclose fully all aspects of his criminal background. In other words, Danone Waters suggests that even if the information was not specifically requested in the application, Kellum was dishonest in failing to reveal he had pled guilty to forgery. This argument is belied by the application itself. The application states that felony convictions do not need to be revealed if the records have been sealed or expunged. Furthermore, the application states that previous convictions are relevant only if they are job-related. Thus, the application makes apparent that Danone Waters does not, and under certain circumstances cannot, expect or require applicants to reveal all information regarding their criminal history. Danone Waters drafted the application to inquire only about previous convictions. We decline to expand the requirements of the application beyond its wording and thereby create a broad obligation for job applicants to reveal more about their criminal background than is specifically requested.

■ Finally, Danone Waters contends that even if the evidence does not support a finding of misconduct based on dishonesty in filling out the job application, there is substantial evidence that Kellum was involved in the theft of company property and that these actions were misconduct disqualifying him from receiving benefits. The reason given for Kellum's discharge, however, was "falsifying his application to conceal previous criminal activity," not theft. And although the investigation into employee theft was raised before the commission, the TWC never ruled that Kellum had committed theft or that the alleged

acts of theft constituted misconduct under the Texas Unemployment Compensation Act. We may not sustain the TWC's decision on a factual basis not passed upon by the agency. *See Hernandez v. Texas Workforce Comm'n*, 18 S.W.3d 678, 682 (Tex.App.-San Antonio 2000, no pet.).[3] Accordingly, Danone Waters's argument is without merit.

Based on the foregoing, we conclude there is no evidence to show that Kellum committed an act of misconduct as defined by the Texas Unemployment Compensation Act. Because the TWC's ruling denying Kellum unemployment benefits was not supported by substantial evidence, the trial court erred in affirming the ruling. We reverse the trial court's summary judgment in favor of Danone Waters and the TWC and its denial of Kellum's motion for summary judgment. We hold the TWC erred as a matter of law in concluding Kellum was not entitled to receive unemployment benefits and render judgment in favor of Kellum.

---

3. Because we are not examining the alleged thefts as a basis for the denial of benefits, it is unnecessary for us to address Kellum's challenge to the summary judgment evidence of theft or his contention that the allegation was "waived."