# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00293-CV

**Derrick E. Pavelka, Appellant**

**v.**

**Texas Workforce Commission and City of Austin, Texas Aviation Department, Appellees**

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT NO. 04-543-C368, HONORABLE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Derrick Pavelka asserts that the district court erred in concluding that substantial evidence supports the Texas Workforce Commission's (the Commission) decision denying his claim for unemployment benefits because he was terminated for misconduct. Tex. Lab. Code Ann.§ 207.44(a) (West 2006). In December 1994, Pavelka was arrested for the unlawful carrying of a weapon in Dallas County. *See* Tex. Penal Code Ann. § 46.02(a) (West 2003). In April 1995, Pavelka's attorney entered a plea of *nolo contendere* on Pavelka's behalf, and the trial court placed Pavelka on deferred adjudication community supervision for twelve months. Pavelka was discharged from community supervision in April 1996. In February 2001, Pavelka was hired by the City of Austin Aviation Department and assigned to work at the local airport. The City's employment application included the following question: "Have you been convicted of a crime or have you pled *nolo contendere* or been granted deferred adjudication within the last ten years?" Despite his 1995 plea, on Pavelka's application the "No" box is checked in response to the question.

When it was discovered that Pavelka had received deferred adjudication, he was terminated because he was no longer allowed to have unescorted access to the Security Identification Display Area at the airport, a requirement for his job duties, and because he falsified his employment application. Pavelka applied for unemployment benefits. The Commission denied his application based on its determination that Pavelka was discharged from his position for falsifying his employment application, which constitutes misconduct under the Act. *See* Tex. Lab. Code Ann. § 201.012 (West 2006). Pavelka, appearing *pro se*, sought review of the Commission's decision in district court. Pavelka argued that he did not check the "No" box and, alternatively, if he did, he did not understand the response to be false at the time because he was unaware of the fact that he had been placed on deferred adjudication. The district court affirmed the Commission's decision, and Pavelka appeals from that judgment. Because Pavelka failed to establish that the Commission's decision was not supported by substantial evidence, we affirm the district court's judgment.

## BACKGROUND

After the September 11, 2001 terrorist attacks, the Transportation Security Administration (TSA) issued regulations requiring criminal history record checks on all employees having unescorted access to secured areas of any airport in the United States. The regulations prohibit the employment of "individuals who have unescorted access to aircraft or a secured area of an airport when an individual has a criminal conviction (or finding of not guilty by reason of insanity) for a disqualifying offense in the previous ten-year period." In an effort to assist airport

2

personnel and "to ensure uniformity in the adjudication of background checks for airport and air carrier workers," TSA prepared a document entitled "Legal Guidance on Criminal History Records Checks." In the document, TSA took the position that "a conviction means any finding of guilt, plea of guilty, plea of *nolo contendere*, or finding of not guilty by reason of insanity." On December 19, 2001, the City of Austin sent a memorandum to all Aviation Department employees informing them of TSA's new regulations and requesting that the employees self-report whether they had been "convicted or found not guilty by reason of insanity of a 'disqualifying criminal offense.'" The unlawful possession of a weapon was listed as a disqualifying offense, but the City did not circulate the legal guidance document to its employees or explain that a plea of *nolo contendere* was considered a conviction. Pavelka did not make a report.

Lieutenant Tim Schroeder checked Pavelka's criminal history. In December 2002, Pavelka's first criminal history background check came back negative. However, in September 2003, a second criminal background check revealed that Pavelka had been placed on deferred adjudication community supervision for the unlawful carrying of a weapon in 1995. Relying on TSA's legal guidance document, Lieutenant Schroeder concluded that Pavelka had been convicted of a disqualifying offense within the previous ten-year period and notified Pavelka's supervisor, Patti Edwards, that Pavelka was no longer eligible for unescorted access privileges at the airport. Edwards met with Pavelka in an effort to find a different position for him, but there was no available position that did not require unescorted access privileges. At that time, Edwards also pulled Pavelka's job application and discovered that he had checked the "No" box in response to the question asking whether he had been granted deferred adjudication within the last ten years. Ultimately, Pavelka was

terminated from his position at the Aviation Department because he falsified his employment application and because he was unable to perform his duties without unescorted access privileges.

Pavelka appealed his termination to the City's grievance committee and a hearing was held in November 2003. The hearing officer, Frederick Ahrens, made the following finding:

> [Pavelka] gave credible testimony at the hearing that he believed the Court Order Dismissing the [unlawful carrying of a weapon] charge wiped his record clean. Therefore when he filled out his employment application he did not have a deferred adjudication or a plea of *nolo contendere*.

After reviewing Ahrens's report, the City's grievance committee recommended that "the decision to terminate Derrick Pavelka be reversed." The grievance committee recommended further that Pavelka be reinstated to a similar position in another department. Despite the grievance committee's recommendation, the City determined that the decision to terminate Pavelka's employment was appropriate.

After his termination, Pavelka applied for unemployment benefits, but the Commission denied his application, saying that he was terminated for falsifying his employment application. Pavelka appealed this decision to the Commission's appeal tribunal and hearings were held in November and December 2003. The hearing officer issued findings of fact and conclusions of law. She found that Pavelka was not aware that he had been placed on deferred adjudication in 1995. She found further that Pavelka "never received any official court documents and thought all charges had been dismissed prior to the time he applied for work" at the City. Nevertheless, the hearing officer concluded that Pavelka's testimony established that he was aware of the fact that his attorney had entered a plea of *nolo contendere* on his behalf and that he was required to perform

4

community service. Therefore, she concluded that Pavelka falsified his employment application and that this act constituted misconduct under the Texas Unemployment Compensation Act. *Id*. Because she concluded that Pavelka was terminated for misconduct, she determined that he was not eligible for benefits under the Act. *See id*. § 207.044(a). The Commission affirmed the appeal tribunal's decision denying Pavelka unemployment benefits.

Pavelka filed suit challenging the Commission's determination that he was discharged for misconduct. *See id*. § 212.201(a) (West 2006). A trial was held in March 2005. The district court heard testimony from Pavelka, Edwards, and Lieutenant Schroeder. Pavelka maintained that when he filled out his employment application he was not aware that he had previously entered a plea of *nolo contendere* and been placed on deferred adjudication. Pavelka testified that he was unable to obtain any official court documents from the Dallas County trial court regarding his arrest, plea of *nolo contendere*, and deferred adjudication.[1] In addition, a copy of the Commission's administrative record was admitted for the district court's consideration. The district court concluded that the Commission's decision was supported by substantial evidence and affirmed the Commission's denial of unemployment benefits to Pavelka.

---

[1] After his trial, Pavelka received several documents and has submitted them to this Court for review. We cannot rely on these documents because they have not been properly filed. However, in the interest of justice, we have reviewed the documents. Essentially, the documents can be divided into three categories. First, there is a series of e-mails concerning a dispute between Pavelka and another employee. There is nothing in any of these e-mails regarding whether or not Pavelka committed misconduct by falsifying his application. The second category includes copies of documents from the Dallas County clerk's office relating to the disposition of the unlawful carrying of a weapon charge. Specifically, there is a copy of the *nolo contendere* plea that is signed by Pavelka and a copy of the deferred adjudication judgment. The third category is comprised of a series of articles discussing deferred adjudication.

DISCUSSION

**Misconduct**

Pavelka claims that the district court erred by affirming the Commission's decision that he was discharged for misconduct because there was no evidence that he intentionally falsified his employment application as required by section 201.012 of the Act. *See id*. § 201.012.

Judicial review of the Commission's decisions on unemployment benefits is by trial de novo under the substantial evidence standard. *See id*. § 212.202(a) (West 2006). A de novo review of a Commission decision requires the reviewing court to determine whether the Commission's decision is supported by substantial evidence. *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex. 1986). Reviewing courts are not bound by, nor do they review, the Commission's findings of fact. *See Hernandez v. Texas Workforce Comm'n*, 18 S.W.3d 678, 681 (Tex. App.—San Antonio 2000, no pet.). The reviewing court determines whether the evidence introduced at the trial de novo shows facts in existence at the time of the Commission's decision that reasonably support the decision. *Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998). The reviewing court's ruling must be based on the evidence admitted at the trial de novo—not the evidence presented at the Commission hearing. *Nuernberg v. Texas Employment Comm'n*, 858 S.W.2d 364, 365 (Tex. 1993) (per curiam); *Mercer*, 701 S.W.2d at 831.

The Commission's decision carries a presumption of validity, and the party seeking to set it aside has the burden of showing that it was not supported by substantial evidence. *Mercer*, 701 S.W.2d at 831. Although substantial evidence is more than a mere scintilla, the evidence in the record may actually preponderate against the agency's decision and nonetheless amount to substantial evidence. *See State v. Public Util. Comm'n*, 883 S.W.2d 190, 204 (Tex. 1994). While

6

the court will hear and consider evidence to determine whether reasonable support for the agency's order exists, the agency remains the primary fact-finding body, and the question for the district court is strictly one of law. *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex. 1984). The challenging party must therefore produce evidence that conclusively negates all reasonable support for the agency's decision, on any possible ground. *Id*. Thus, the reviewing court may set aside an agency's decision only if it finds that the decision was made without regard to the law or the facts and was therefore unreasonable, arbitrary, or capricious. *Mercer*, 701 S.W.2d at 831.

The City and the Commission argued that Pavelka committed misconduct because he falsified his employment application when he marked "No" in response to a question specifically asking whether he had pleaded *nolo contendere* or had been granted deferred adjudication within the last ten years. Termination for misconduct disqualifies an individual from receiving unemployment benefits under the Act. *See* Tex. Lab. Code Ann. § 207.044; *Kellum v. Texas Workforce Comm'n*, 188 S.W.3d 411, 413 (Tex. App.—Dallas 2006, no pet.). Misconduct is specifically defined by the Act to mean:

> [M]ismanagement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of the law, or violation of a policy or rule adopted to ensure the orderly work and safety of employees.

*See* Tex. Lab. Code Ann. § 201.012. To be disqualified from receiving benefits, the alleged act of misconduct must fit within this statutory definition. *See Hunnicutt*, 988 S.W.2d at 709; *Kellum*, 188 S.W.3d at 413-14.

7

At trial, Pavelka argued that he did not falsify his employment application, even if he did answer the question incorrectly, because he did not intend to answer dishonestly or deceive the City.[2] Pavelka testified that he was aware that he was charged in 1994 for the unlawful carrying of a weapon. He testified further that he remembered being placed on twelve months' community supervision and that he paid a fine, but that deferred adjudication was never mentioned. Pavelka also stated that he did not attend the hearing at which his lawyer entered a plea of *nolo contendere* on his behalf. He explained that his lawyer informed him that if he successfully completed his community supervision there would be no record of the offense. Thus, Pavelka maintained that, at the time he completed his employment application, he believed everything relating to the 1994 charge had been dismissed when he was discharged from community supervision in 1996. We note that the order discharging Pavelka from community supervision is entitled "Order Dismissing Deferred Proceedings."

The administrative record includes findings issued by the City's grievance hearing officer and findings of fact issued by the Commission's appeal tribunal's hearing officer. These findings indicate that evidence introduced at those hearings established that Pavelka was not aware

---

[2] Although the copy of Pavelka's application clearly shows the "No" box is marked in response to the question, Pavelka claims that he did not actually answer the question and that someone forged his application at some later date. In reaching its decision, the Commission impliedly resolved this factual dispute against Pavelka. *See Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex. 1984) (stating that Commission is primary fact-finding body). At the district court, Pavelka presented no evidence, other than his own allegation, to support his claim. Therefore, we hold that he did not demonstrate that the Commission's implied finding was not supported by substantial evidence.

that he had been placed on deferred adjudication.[3]  However, these findings are not competent evidence in a trial de novo.  *See Hernandez*, 18 S.W.3d at 681 (reviewing courts are not bound by, nor do they review, Commission's findings of fact); *Levelland Indep. Sch. Dist. v. Contreras*, 865 S.W.2d 474, 476 (Tex. App.—Amarillo 1993, writ denied).  "If the fact findings of the [Commission] were . . . proof of their own truth in a trial de novo, the substantial evidence review would be meaningless because the [Commission] could bootstrap itself to substantial evidence in every case merely by finding what it needed to prove." *Levelland*, 865 S.W.2d at 476 (quoting *Mary Lee Found. v. Texas Employment Comm'n*, 817 S.W.2d 725, 727 (Tex. App.—Texarkana 1991, no writ)).  The record contains no other evidence supporting Pavelka's claims.

It is clear from the record that Pavelka has consistently claimed that at the time he filled out his application he was not aware that his lawyer had entered a plea of *nolo contendere* on his behalf or that he had been placed on deferred adjudication community supervision.  However, the Commission determined that despite Pavelka's claims, his knowledge of the facts that he was placed on community supervision for twelve months and was required to pay a fine as a result of the

_____

[3] We note that it was improper for the district court to admit the entire administrative record as a single piece of evidence. *Nuernberg v. Texas Employment Comm'n*, 858 S.W.2d 364, 365 (Tex. 1993) (per curiam) (providing that district court may not review administrative record by itself; however, individual items from administrative record may be introduced at trial, but they must be introduced independently and pursuant to the rules of evidence). However, when the administrative record was offered into evidence at trial, Pavelka did not object. In order to preserve error for appellate review, a party must present to the trial court a timely request, objection, or motion, state the specific grounds therefor, and obtain a ruling. Tex. R. App. P. 33.1; *Clark v. Trailways, Inc.*, 774 S.W.2d 644, 647 (Tex. 1989). By failing to object to evidence offered at trial, a party waives any complaint about the admissibility of the evidence. *See Clark*, 774 S.W.2d at 647. Therefore, Pavelka waived any complaint regarding the admission of the administrative record.

1994 charge for unlawful possession of a weapon were sufficient to apprise Pavelka that he had been placed on deferred adjudication. Whether Pavelka was aware that his lawyer had entered a plea of *nolo contendere* on his behalf or that he had been placed on deferred adjudication community supervision is a question of fact that the Commission, as the primary fact-finder, resolved against Pavelka. *See Hernandez*, 18 S.W.3d at 681 (Commission is primary fact-finding body, and reviewing court may not substitute its judgment for that of Commission on controverted issues of fact). The district court affirmed the Commission's decision. Other than his own testimony repeating his earlier assertions that he lacked the requisite knowledge to falsify his application, Pavelka presented no evidence to the district court establishing that the Commission's decision was unreasonable, arbitrary, or capricious. *See Mercer*, 701 S.W.2d at 831. Because the Commission's decision carries the presumption of validity, Pavelka did not meet his burden of demonstrating that the decision was not supported by substantial evidence. *See id.*

**Improper evidence**

Pavelka also avers that the district court's judgment was improperly based on the taped recording of the appeal tribunal's telephone hearing. Pavelka's argument is based on the appeal tribunal's hearing officer's written conclusions, stating that Pavelka's testimony during the telephone hearing established that he was aware of the fact that his lawyer had entered a plea of *nolo contendere* on his behalf. Pavelka insists that he never made such an assertion. Although the record does include the hearing officer's written findings of fact and conclusions of law, neither the taped recording of the hearing nor a written transcript were admitted into evidence at the district court. In addition, the district court was not authorized to set aside the Commission's decision merely

because the hearing officer's account of Pavelka's testimony conflicted with Pavelka's trial testimony. *See id.* Consequently, we hold that the district court did not improperly rely on the taped recording of the appeal tribunal's telephone hearing.

**Procedural due process**

Pavelka contends that he was denied procedural due process because he was not allowed to confront the appeal tribunal's hearing officer or call other witnesses during his trial at the district court. Pavelka also claims that he never had the opportunity (1) to fairly present his evidence because it arrived too late or (2) to challenge the evidence presented by the City and the Commission.

Due process at a minimum requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Texas Workers' Comp. Comm'n v. Patient Advocates*, 136 S.W.3d 643, 658 (Tex. 2004). Our review of the reporter's record reveals no instance where Pavelka's attempt to call a witness was denied by the district court. Furthermore, Pavelka was given the right to produce evidence and cross-examine witnesses during his trial at the district court. *See Perry v. Del Rio*, 67 S.W.3d 85, 92 (Tex. 2001) (right to be heard assures full hearing before court having jurisdiction over matter, right to introduce evidence at meaningful time and in meaningful manner, as well as right to cross-examine witnesses, produce witnesses, and be heard on questions of law). Finally, Pavelka claims that he was deprived of the opportunity to present evidence that existed at the time of the Commission's decision because he was unable to obtain it prior to his trial at the district court. While Pavelka's pleadings state that he attempted to obtain this evidence, he did not at any point inform the district court as to what this evidence would show or how it was

11

relevant to his case. Nor did Pavelka demonstrate that he availed himself of any of the available discovery procedures.[4] Accordingly, we hold that the district court did not deny Pavelka procedural due process.

## CONCLUSION

Because we hold that Pavelka failed to demonstrate to the district court that the Commission's decision was not supported by substantial evidence, we affirm the district court's judgment.

Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Waldrop

Affirmed

Filed:   October 3, 2006

---

[4] As discussed previously, Pavelka received several documents after his trial concluded and submitted them to this Court for review. In the interest of justice, we reviewed the documents. After reviewing the documents, we conclude that even if the district court improperly excluded this evidence, Pavelka was not harmed because the evidence was either irrelevant or would have demonstrated that he was, in fact, informed that he been placed on deferred adjudication and that his attorney had entered a plea of *nolo contendere* on his behalf. *See* Tex. R. App. P. 44.1.

12