

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-12-00196-CV

JONATHON C. MCINTOSH, D.D.S., APPELLANT

V.

TEXAS STATE BOARD OF DENTAL EXAMINERS, APPELLEE

On Appeal from the 250th District Court
Travis County, Texas
Trial Court No. D-1-GN-11-001527, Honorable Gisela Triana, Presiding

March 10, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

This is an appeal of a contested case under the Texas Administrative Procedure Act.[1]  Jonathon C. McIntosh, D.D.S., appellant, appeals from the district court's final judgment affirming the order of the Texas State Board of Dental Examiners, which issued a suspension of McIntosh's dental license, probated for a period of five years,

---

[1] TEX. GOV'T CODE ANN. § 2001.001 (West 2008).

and a fine of $5000. Through five issues, McIntosh argues the district court's judgment should be reversed. We disagree and will affirm.

## Background

The Board brought a disciplinary action asserting McIntosh violated provisions of the Dental Practice Act[2] and Board rules[3] in his dental practice. The Board sought suspension of McIntosh's license to practice dentistry.[4]

McIntosh was employed by the Texas Department of Aging and Disability Services as the Director of Dental Services for the Richmond State School and the Brenham State School. He also served in the United States Naval Reserve, and in October 2004 was involuntarily recalled to active duty for a year's service in Iraq and Kuwait. In October 2005, after completing his active duty, McIntosh gave notice of his desire to resume his employment. Despite his previous good standing, McIntosh was notified his clinical privileges had been suspended. In addition, the medical director of the Richmond State School made a complaint to the Board.

The Board later, in December 2009,[5] issued a notice of hearing and a formal complaint alleging that during the period March 2001 through October 2004, McIntosh's

---

[2] TEX. OCC. CODE ANN. ch. 263 (West 2012).

[3] 22 TEX. ADMIN. CODE ANN. § 101.1 *et seq.* (West 2012).

[4] TEX. OCC. CODE ANN. § 263.002 (West 2012).

[5] The administrative record contains references to litigation filed by McIntosh in federal and state courts, arising from the medical director's complaint and the termination of McIntosh's employment. Further mention of those references is unnecessary to this opinion.

practice of dentistry fell below the minimum standard of care in the treatment of four patients, and alleging that McIntosh made false statements in the dental records of those patients.[6]

The case was initially set for hearing before an administrative law judge ("ALJ") of the State Office of Administrative Hearings ("SOAH") in March 2010. After continuances, failed settlement efforts, and resolution of discovery disputes, the case was reset for hearing on the merits for February 28 and March 1, 2011.

On January 5, 2011, McIntosh filed a motion for summary adjudication.[7] With the motion, he submitted the affidavit of his expert witness, who expressed the opinion from his review of the dental records that "there is not evidence to make a determination that Dr. McIntosh practiced below the standard of care in these cases." The Board filed a response in opposition, and on January 13, the ALJ assigned to the case held a prehearing conference by telephone. During the telephone conference, McIntosh's counsel apparently told the ALJ of his intention to file a no-evidence motion for summary adjudication. He filed the no-evidence motion on January 17.

On the same day, January 17, McIntosh filed with the ALJ a "formal protest and objection," expressing his objection to views expressed by the ALJ during the telephone

---

[6] The complaint later was amended but its amendments are not pertinent to this appeal.

[7] SOAH rules permit summary disposition of all or part of a contested case if "the evidence…show[s] that there is no genuine issue as to any material fact and that a party is entitled to a decision in its favor as a matter of law." 1 TEX. ADMIN. CODE ANN. § 155.505(a) (West 2012).

conference and asserting the ALJ's expressed views indicated a bias in favor of the Board.

On January 26, the ALJ issued a written order, no. 7, denying McIntosh's motion for summary adjudication, denying his no-evidence motion for summary adjudication, overruling his protest and objection, and reiterating the setting of the hearing on the merits beginning on February 28. The ALJ stated in part that because the Board bears the ultimate burden of proof in the case, it is "not required to produce affirmative evidence to contravene [McIntosh's] summary disposition evidence. [The Board] has no affirmative duty to produce evidence prior to the hearing on the merits unless it receives a properly propounded request for discovery from [McIntosh]."

The next day, McIntosh filed with SOAH a motion to recuse the ALJ based on her alleged personal bias or prejudice in favor of the Board. The chief ALJ referred the motion to ALJ Roy Scudday. ALJ Scudday denied the motion to recuse, without a hearing.

McIntosh filed a motion for reconsideration with ALJ Scudday arguing he was never notified that ALJ Scudday would be ruling on his motion and that he was entitled to a mandatory evidentiary hearing. ALJ Scudday denied McIntosh's motion for reconsideration.

Thereafter, McIntosh filed a petition for a writ of mandamus in a district court of Travis County, challenging the propriety of the order denying the motion to recuse. The district court did not issue an order staying the administrative proceeding prior to the SOAH hearing date of February 28, 2011.

4

McIntosh did not appear at the February 28 hearing. Correspondence to the ALJ from McIntosh's counsel, dated February 25, stated that because the mandamus proceeding had been filed, the district judge had "assumed jurisdiction over the matter and the contested case hearing scheduled for Monday, February 28, 2011, will have to be abated until the [district] judge adjudicates the mandamus action." No motion for continuance of the SOAH hearing was filed. The Board appeared at the February 28 hearing and presented evidence.[8]

On March 2, the ALJ issued a proposal for decision ("PFD"), indicating that suspension by the Board of McIntosh's dental license was the appropriate sanction for his violations. McIntosh timely filed exceptions and a reply to the PFD. The ALJ issued a letter indicating that, after review of McIntosh's exceptions and reply and the Board's response, no changes would be made to the PFD. The Board issued its order adopting all the ALJ's findings of fact, and ordering suspension of McIntosh's license to practice dentistry for a period of five years, probated in its entirety, and a $5000 fine. The order also placed other conditions on McIntosh. His motion for rehearing of the Board's order was denied.

McIntosh timely filed a petition for judicial review, heard by the 250th Judicial District Court of Travis County, which affirmed the Board's order. This appeal followed.

---

[8] McIntosh did not seek to set aside a default or reopen the record pursuant to SOAH procedural rule 155.501(f). *See* 1 TEX. ADMIN. CODE. ANN. § 155.501(f) (West 2012).

Analysis

Standard of Review

Our review of the Board's final order is governed by the "substantial evidence" standard of the APA. TEX. GOV'T CODE ANN. § 2001.174 (West 2008). This standard requires that we reverse or remand a case for further proceedings "if substantial rights of the appellant have been prejudiced because the administrative findings, conclusions, or decisions" are (A) in violation of a constitutional or statutory provision, (B) in excess of the agency's statutory authority, (C) made through unlawful procedure, (D) affected by other error of law, (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole, or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. TEX. GOV'T CODE ANN. § 2001.174(2)(A)-(F).

On appeal from the district court's judgment, the focus, as in the district court, is on the Board's decision. *Montgomery Indep. Sch. Dist. v. Davis,* 34 S.W.3d 559, 562 (Tex. 2000). With respect to subparagraph (E), the test is not whether we believe the Board reached the correct conclusion, but whether the agency's factual findings are reasonable "in light of the evidence from which they were purportedly inferred." *Granek v. Texas State Bd. of Med. Exam'rs,* 172 S.W.3d 761, 778 (Tex. App.—Austin 2005, no pet.). Thus, we will sustain the Board's action if the evidence as a whole is such that reasonable minds could have reached the conclusion that the Board must have reached in order to justify its action. *Froemming v. Tex. State Bd. of Dental Examiners,* 380 S.W.3d 787, 790-91 (Tex. App.—Austin 2012, no pet.), *citing Texas State Bd. of Dental*

6

*Exam'rs v. Sizemore,* 759 S.W.2d 114, 116 (Tex. 1988). We presume that the Board's order is supported by substantial evidence, and the party appealing the order has the burden to prove otherwise. *Texas Health Facilities Comm'n v. Charter Med.-Dallas, Inc.,* 665 S.W.2d 446, 452 (Tex. 1984). Further, we may not substitute our judgment for that of the Board on the weight of the evidence on matters committed to agency discretion. *See* TEX. GOV'T CODE ANN. § 2001.174; *Pierce v. Texas Racing Comm'n,* 212 S.W.3d 745, 751 (Tex. App.—Austin 2006, pet. denied).

Issue One—ALJ Rulings

By his first issue, McIntosh contends that bias and prejudice on the part of the ALJ produced violations of his due process and equal protection rights. We overrule the issue, for several reasons.

First, McIntosh bases his position the ALJ was biased and prejudiced in the Board's favor on statements the ALJ made during the telephonic prehearing conference among the ALJ and counsel for the parties, during which McIntosh's motions for summary adjudication were discussed. But the record on appeal does not include a reporter's record or other transcription of the prehearing conference. Documents in the record contain descriptions of the ALJ's statements. The ALJ's order no. 7, denying McIntosh's motions, describes the prehearing conference. It describes the ALJ's statements during the telephone conference essentially as announcements of rulings on the pending motion, stating the ALJ "indicated that [McIntosh's motion] would be denied . . . ." and describes the ALJ's stated reasons for the denial. Order no. 7 also recites that the ALJ "further indicated that any forthcoming 'No-Evidence Motion for Summary Adjudication'

7

filed by [McIntosh] would be denied, as well." Nothing in that description of the prehearing conference, or in that description of the ALJ's statements during the conference, suggests any bias or prejudice.

The "formal protest and objection" McIntosh filed with the ALJ contains his characterization of the ALJ's statements during the telephone conference. As McIntosh describes it, the ALJ made statements "that [McIntosh] was not entitled to file" such a motion, that the ALJ "would not entertain the merits of the motion," that the ALJ "was going to deny the motion at a future time," and that "SOAH's rules did not allow for" the no-evidence motion for summary adjudication McIntosh planned to file.[9] McIntosh's motion to recuse the ALJ contained a similar characterization.

McIntosh characterizes the ALJ's statements as expressing the ALJ's "refusal" to rule on his motions, demonstrating, in his view, bias in favor of the Board.[10] Without a record showing what the ALJ actually said, we are in no position to agree with McIntosh that the statements are indicative of bias or prejudice.[11]

As noted, the ALJ's order no. 7 denied both McIntosh's motion for summary adjudication and his no-evidence motion for summary adjudication, and overruled his

---

[9] Counsel for McIntosh gave a similar description of the ALJ's statements during a hearing before the district court in March 2012.

[10] Elsewhere he characterizes the ALJ's conduct as a denial of a "full and fair hearing."

[11] And we express no opinion whether comments of the nature McIntosh described in his protest and objection would demonstrate bias or prejudice on the part of a trial judge. *See Ludlow v. DeBerry,* 959 S.W.2d 265, 271 (Tex. App.—Houston [14th Dist.] 1997, no writ) (judicial remarks that are critical, disapproving or even hostile to counsel, parties, or their cases, ordinarily do not support recusal).

"formal protest and objection" to the ALJ's statements during the prehearing conference. McIntosh also points to the denial of his motions as indicating the ALJ's bias or prejudice.

The Board's response to McIntosh's initial motion urged multiple reasons for its denial. Among them were contentions that the posture of the disciplinary proceeding made it unsuitable for summary adjudication, and that the expert affidavit accompanying the motion was conclusory and failed to establish there was no genuine issue as to any material fact. The Board also asserted it was not required to create an expert report merely to respond to McIntosh's summary adjudication motion. Recitations in Order no. 7 indicate the ALJ accepted the Board's contentions in part.

We agree with the Board that McIntosh is finding bias or prejudice merely in the ALJ's rejection of his legal position. Mere disagreement with a party's position under the law does not demonstrate judicial bias or prejudice requiring recusal. *See Ex parte Ellis,* 275 S.W.3d 109, 116-17 (Tex. App.—Austin 2008, no pet.), *citing Liteky v. United States,* 510 U.S. 540, 552, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (Kennedy J., concurring) (describing the "high threshold" a party seeking recusal must satisfy to require recusal). It follows that McIntosh has not demonstrated bias or prejudice of such a nature and extent as to deny McIntosh due process of law. *See Ellis*, 275 S.W.3d at 117 (a movant satisfies the burden of proving recusal is warranted only when he provides facts showing bias or partiality of that nature and extent). *Cf. Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009) (axiomatic that a fair trial in a fair tribunal is a basic requirement of due process but

noting also that most matters relating to disqualification of judges are not constitutional in nature).

Issues Two and Three—Motion to Recuse

By his second issue, McIntosh complains of the failure of the chief administrative law judge to notify him that his motion to recuse the ALJ had been referred to ALJ Roy Scudday for adjudication. By his third issue, he further complains that ALJ Scudday denied the motion without an evidentiary hearing. He contends these actions constituted an abuse of discretion and rendered the denial of his motion to recuse void.

McIntosh's arguments supporting his second and third issues are premised on the contention the SOAH was required to follow the notice and hearing procedures set out in Rule of Civil Procedure 18a in its handling of his motion to recuse the ALJ. We agree with the Board that the premise is faulty.

SOAH Rule 155.151 provides that judges are assigned to cases at the discretion of the chief judge or the chief judge's designee. 1 TEX. ADMIN. CODE 155.151(a). The rule provides for disqualification or recusal "on the same grounds and under the same circumstances as specified in TRCP Rule 18b." 1 TEX. ADMIN. CODE 155.151(b). But the rule does not adopt the procedures specified in Rule of Civil Procedure 18a, nor does it specify any particular procedure for the disposition of a motion to recuse or disqualify an ALJ. It further states, "Judge's inability to continue presiding. If a judge is unable to continue presiding or to issue a proposal for decision after the conclusion of the hearing, the Chief Judge or the Chief Judge's designee may reassign the case to another judge. That judge shall review the existing record and need not repeat previous

10

proceedings, but may conduct further proceedings as necessary." 1 TEX. ADMIN. CODE 155.151(c).

Because the procedure for adjudicating the motion to recuse was not prescribed by SOAH rules or other applicable law, the chief administrative law judge was authorized to consider the Rules of Civil Procedure when determining the procedure to be followed. *See* 1 TEX. ADMIN. CODE § 155.3(g) (West 2012) (presiding judge will consider other authority when contested procedural issues are not "susceptible to resolution by reference to the APA and other applicable statutes, this chapter, and case law"). And McIntosh's motion to recuse the ALJ was referred by the chief judge to another judge for disposition, consistent with practice under Rule of Civil Procedure 18a. TEX. R. CIV. P. 18a(f), (g). But nothing in the guiding rules and principles applicable to the handling of the motion required SOAH to adopt the entirety of the procedures set out in Rule 18a.

McIntosh cites the requirement of the APA that "the rules of evidence as applied in a nonjury civil case in a district court" apply to the adjudication of contested cases. TEX. GOV'T CODE ANN. 2001.081 (West 2012).[12] He presents, however, no persuasive argument that the Rules of Civil Procedure also comprehensively apply to contested administrative cases. When the Legislature has intended to incorporate references to the Rules of Civil Procedure in the APA, it has done so explicitly. *See, e.g.*, TEX. GOV'T CODE ANN. 2001.091 (West 2012).

---

[12] *See* 1 TEX. ADMIN. CODE § 155.429(a)(1) (West 2012) (SOAH rule providing the same).

11

We see no abuse of discretion in the failure to notify McIntosh of the identity of the judge to whom the motion was assigned or in that judge's denial of it without an evidentiary hearing.

We overrule McIntosh's second and third issues.

Issue Four—Admission of Expert Testimony

McIntosh argues the ALJ erred by admitting, at trial, the testimony of the Board's expert.

McIntosh does not dispute that he voluntarily failed to appear at the February 28 hearing on the merits. The Board contends in this court that by his voluntary failure to appear at the hearing McIntosh has waived all his appellate issues. We have not accepted the Board's waiver contention with regard to McIntosh's first three issues, but we find his failure to appear and raise objection to the testimony of the Board's witness requires that we overrule this fourth issue. *See* TEX. R. EVID. 103(a)(1) (error may not be predicated on ruling admitting or excluding evidence absent objection); TEX. GOV'T CODE ANN. § 2001.081 (West 2012); TEX. R. APP. P. 33.1(a)(1) (timely request, objection or motion prerequisite to presenting complaint for appellate review); *Tex. State Secs. Bd. v. Miller*, No. 03-06-00365-CV, 2009 Tex. App. LEXIS 5108, at *5 (Tex. App.—Austin July 1, 2009, no pet.) (an administrative hearing participant must properly object to the admission of evidence to preserve error for appeal).

McIntosh's fourth issue is overruled.

Issue Five—Sufficiency of the Evidence

Via his fifth issue, McIntosh challenges the sufficiency of the evidence to support one of the findings in the Board's order. The ALJ's proposal for decision contains a finding incorrectly stating that McIntosh practiced at the Fort Worth State School. The Order of the Board expressly adopted all of the ALJ's findings of fact, including the incorrect recitation. Although the dental records in evidence contain references to the Fort Worth State School, it appears from the record McIntosh practiced only at the Richmond and Brenham State Schools, and it is undisputed that one of those schools was the location of McIntosh's treatment of the four patients whose care was at issue.

Among other contentions, the Board asserts the error could easily have been corrected had McIntosh brought it to the Board's attention but his motion for rehearing of the Board's order raised no issue regarding the sufficiency of the evidence supporting the Fort Worth State School finding. The Board thus contends McIntosh waived any error arising from the incorrect name of his employer State School. We agree. *See Scally v. Tex. State Bd. Of Med. Examiners,* 351 S.W.3d 434, 444-45 (Tex. App.—Austin 2011, pet. denied) (motion for rehearing is a statutory prerequisite to an appeal in a contested case and must be sufficiently definite to notify the agency of the error claimed so that the agency can either correct or prepare to defend the error); *Fleetwood Cmty. Home v. Bost,* 110 S.W.3d 635, 641 fn.5, 643 (Tex. App.—Austin 2003, no pet.) (same).

We find, moreover, that the name of McIntosh's employer was not a fact on which any of the conclusions of law are based, and correcting the name of his employer

would not otherwise change the outcome. An appellant's substantial rights are not prejudiced if an irrelevant finding is not supported by substantial evidence. The ultimate concern is the reasonableness of the agency's order, not its correctness. *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex. 1984); *see Tex. Dep't of Pub. Safety v. Segrest,* No. 03-02-00671-CV, 2003 Tex. App. LEXIS 8809, at *11 (Tex. App.—Austin Oct. 16, 2003, no pet.) (like here, error was clerical in nature, was not material to the findings, and did not impair appellant's substantial rights). In all other respects, the ALJ's finding is supported by the administrative record.

We resolve McIntosh's final issue against him.

Conclusion

Having resolved each of McIntosh's issues against him, we affirm the judgment of the district court.

James T. Campbell
Justice