In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-24-00083-CV
_____

## DONNA COTTON, Appellant

## V.

## MONTGOMERY COUNTY CIVIL SERVICE COMMISSION AND MONTGOMERY COUNTY, TEXAS, Appellees

_____

**On Appeal from the 457th District Court**
**Montgomery County, Texas**
**Trial Cause No. 23-02-02104-CV**

_____

## MEMORANDUM OPINION

Donna Cotton ("Cotton"), a Montgomery County Sheriff's Office dispatcher supervisor, appealed her demotion and two-day suspension to the Montgomery County Civil Service Commission (the "Commission"), and once the Commission upheld same, she appealed to a Montgomery County District Court pursuant to section 158.012 of the Texas Local Government Code. *See* Tex. Loc. Gov't Code

1

Ann. § 158.012. Cotton now challenges Summary Judgment Orders in favor of Montgomery County, Texas (the "County"). She argues that it was error to grant the County's No-Evidence and Traditional Motions for Summary Judgment because evidence was submitted outside the confines of the grievance hearing to the Commissioners and because the Commissioners refused Cotton's appeal of the two-day suspension. We hold that the District Court did not err in granting the County's No-Evidence Motion for Summary Judgment and that the Montgomery County Civil Service Regulations (the "Regulations") permitting appeal of suspensions of more than three days is not contrary to law. For the reasons discussed below, we affirm the District Court's Order granting summary judgment.

**Background**

In February 2023, Cotton filed Plaintiff's Original Petition against the County and the Commission. In the Petition, Cotton appealed the Commission's decision made on January 30, 2023, pursuant to section 158.012 of the Texas Local Government Code. *See id.* § 158.012(a) (authorizing an appeal of a final decision by the commission by a county employee by filing a petition in district court within 30 days of the decision). Cotton petitioned for reversal of the decision pursuant to section 158.0121. *See id.* § 158.0121 (requiring the district court to review the commission's decision under the substantial evidence rule). Cotton requested that

2

she be permitted to present additional evidence about procedural irregularities at the grievance hearing. Cotton requested that the Commission's decision be set aside and that the District Court reverse the Commission's decision, order back pay and benefits, purge her personnel file of documents and materials related to the disciplinary action subject of this appeal, and all court costs and attorney's fees.

On April 12, 2023, the County and the Commission filed Defendants' Answer and Special Exception and generally denied all Cotton's allegations and pleaded the affirmative defense of governmental immunity. Defendants' Answer included a special exception to Cotton's Petition because it failed to give sufficient notice of the "procedural irregularities" at the grievance hearing.

On May 23, 2023, Cotton filed Plaintiff's First Amended Original Petition and alleged that she was disciplined by the Montgomery County Sheriff's Office with a demotion and two-day unpaid suspension. Cotton stated that she appealed the discipline, and a hearing was held on January 30, 2023. According to Cotton, the demotion was upheld but she was not permitted to appeal the two-day suspension per the Commission, based on the local rule on suspensions of three days or less. Cotton pointed out that she later learned that before the hearing, the Commission received evidence from the County and that this submission of evidence outside the

3

hearing deprived her of a fair hearing and due process. Cotton requested relief identical to the relief requested in Plaintiff's Original Petition.

On January 12, 2024, the Commission filed Montgomery County Civil Service Commission's Plea to the Jurisdiction. In the Plea, the Commission argued that it is not a separate legal entity and lacks the legal capacity to be sued. The Commission argued that alternatively, governmental immunity bars Cotton's action and deprives the Court of subject-matter jurisdiction against it.

That same day, the County and the Commission filed Defendants' No-Evidence Motion for Summary Judgment and separately, Defendants' Motion for Summary Judgment. Both summary judgments were subject to the Plea to the Jurisdiction filed on behalf of the Commission. In the No-Evidence Motion for Summary Judgment, the County and the Commission argued that Cotton presented no evidence that she was deprived of a fair hearing or due process, that the Commission's decision was not supported by substantial evidence, or that the Commission could be sued. The County and the Commission argued that before the hearing, Cotton had notice of all exhibits that would be offered and that Cotton presented no evidence that: she was denied a fair hearing or due process; she was not allowed to present evidence at the hearing; she was not allowed to review and challenge all evidence provided to the Commission before the hearing's conclusion;

she was not allowed to cross-examine witnesses; or she was not allowed to rebut, object to, or cross-examine witnesses and evidence.

In Defendants' Motion for Summary Judgment, the County asserted that in September 2022, Cotton, a dispatcher supervisor with the Montgomery County Sheriff's Office ("MCSO"), received official written notice that she was the subject of an investigation for violating the policies of MCSO between April and September 2022. Cotton was accused of "engaging in behavior, in her position as a supervisor, that had the effect of demeaning, humiliating, and intimidating subordinates in her command." At the time of Cotton's alleged misbehavior, Cotton had been disciplined and was on probation for similar behavior. As a result of the investigation, Cotton was found to have violated four policies that included: (1) engaging in any behavior meant to or which has the effect of intimidating or humiliating another individual including bullying, gossiping, harassment, and verbal abuse; (2) acting, on or off duty, in a manner that discredits the MCSO; (3) violating the MCSO policy that requires all employees to conduct themselves in a manner which does not bring about a question of integrity and exhibits the highest degree of professionalism; and (4) violating the rules and regulations of the Civil Service Commission, Commissioners Court, or the hiring authority. Cotton was suspended

for two days, demoted to dispatcher, and her probationary period was extended an additional six months.

In November 2022, the County Sheriff upheld the finding and disciplinary actions, and Cotton then completed the Employee Grievance Form appealing the demotions and suspension to the Commission. On December 22, 2022, the Commission responded to Cotton's grievance and indicated that a suspension of two days could not be grieved, but that the demotion could, and therefore, only the demotion should be presented. On January 30, 2023, the Commission heard testimony from seven witnesses and admitted thirty-nine exhibits submitted by the County. The Commission did not exclude or limit any witnesses, testimony, exhibits or evidence submitted by Cotton. The Commission ultimately affirmed Cotton's demotion and removed the six-month probationary period from her record.

The Summary Judgment Motion detailed the testimony of the seven current and former MCSO employees, including Cotton, that testified at the hearing about Cotton's behavior and the investigation of the allegations against Cotton. The Motion stated that the thirty-nine exhibits admitted included statements from other employees, details of the investigation, performance reports, progress reports, and copies of the policies Cotton violated.

The County argued that Cotton received a fair hearing and was afforded due process at the hearing. The County also contended that it submitted—to Cotton and the Commission—the list of witnesses, documents and exhibits to be presented at the hearing with its Response to the Employee Grievance Form within five business days of receipt of Cotton's grievance form, as required by the Regulations. According to the County, Cotton had every opportunity to present witnesses, testify on her behalf, present exhibits, and challenge any evidence submitted by the County during the hearing. The County further argued that Cotton was not permitted to challenge the two-day suspension because the suspension did not exceed three days in accordance with the Regulations and that the Commission is not a proper party to the suit.

Included with Defendants' Motion for Summary Judgment is Cotton's Grievance Hearing Transcript dated January 30, 2023, the Commission's final decision dated February 15, 2023, Montgomery County Civil Service Regulations approved and effective July 7, 2004, Cotton's Employee Grievance Form dated November 18, 2022 with thirty-nine exhibits and witness list submitted by the County, Business Record Affidavit of Dodi Shaw dated January 9, 2024, electronic mail messages dated November and December 2022, between Dodi Shaw and Greg Cagle, and the Deposition Transcript of Dodi Shaw dated November 1, 2023.

On January 26, 2024, Cotton filed Plaintiff's Response to Defendants' Traditional and No-Evidence Motion for Summary Judgment. In her Response, Cotton challenges the evidence submitted to the Commission by the County and argues that the Regulations do not authorize Civil Service Director Dodi Shaw to forward unadmitted exhibits to the Commissioners. According to Cotton, the Regulations required the County to submit to the Human Resources Department copies of documents to be presented at the hearing. Cotton argues that the Regulations do not contain any language that authorize submission of exhibits to the Commission other than at the hearing. Cotton further challenged the Commission's disallowing of the appeal of Cotton's two-day suspension and argued the Commission could not adopt a rule prohibiting the appeal of a disciplinary action.

On February 8, 2024, the trial court signed an Order Granting the Montgomery County Civil Service Commission's Plea to the Jurisdiction and dismissed the Commission as a defendant. Subsequently, that same day, the trial court signed an Order Granting Defendants' No-Evidence Motion for Summary Judgment. Separately, but on the same day, the trial court signed an Order Granting Defendants' Motion for Summary Judgment.

This appeal followed.[1]

---

[1]Cotton does not appeal the Order Granting the Commission's Plea to the Jurisdiction. Therefore, we address only Cotton's appeal against the County as it is

8

On appeal, Cotton challenges the granting of the County's Traditional and No-Evidence Motions for Summary Judgment and argues that the County's submission of evidence outside the confines of the hearing was unlawful and prejudiced her substantial rights, and she challenges the Regulation adopted by the Commission disallowing the appeal of suspensions that do not exceed three days. According to Cotton, the Regulations provide that exhibits are to be offered at the grievance hearing and only submitted to the Human Resources Department before the hearing. Cotton argues that because the Commission received and reviewed evidence before the hearing, she was not given a fair or impartial hearing.

Cotton then argues that the disallowing of an appeal of three days or less cannot be what the legislature intended when it required the Commission to adopt rules for grievances and disciplinary actions. Cotton contends that permitting the Commission to adopt said rule does not protect the procedural and substantive rights of county employees.

### Standard of Review

We review grants of summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). In our review we take as true all evidence favorable to the nonmovant, indulge every reasonable inference in favor of the

the only remaining party despite Cotton's reference to the Commission, as an appellee, throughout her brief.

9

nonmovant, and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The defendants filed both a no-evidence and a traditional summary judgment motion. *See* Tex. R. Civ. P. 166a(c), (i). When a party moves for both traditional and no-evidence summary judgments, we first consider the no-evidence motion. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the non-movant fails to meet its burden under the no-evidence motion, there is no need to address the challenge to the traditional motion as it necessarily fails. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Thus, we first review each claim under the no-evidence standard and any claims that survive the no-evidence review will then be reviewed under the traditional standard.

To defeat a no-evidence motion, the non-movant must produce evidence raising a genuine issue of material fact as to the challenged elements. *See Ridgway*, 135 S.W.3d at 600; *see also* Tex. R. Civ. P. 166a(i). A genuine issue of material fact exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)). The evidence does not create an issue of material fact if it is "so weak as to do no more than create a mere surmise or suspicion" that the fact

exists. *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014) (quoting *Ridgway*, 135 S.W.3d at 601).

A county employee who has been demoted from the employee's position may appeal such demotion by filing a complaint with the Commission and may appeal a final decision of the Commission by filing petition in a district court in the county. *See* Tex. Loc. Gov't Code Ann. § 158.012(a). "An appeal under this section is under the substantial evidence rule, and the judgment of the district court is appealable as in other civil cases." *Id*. § 158.012(b). Under the substantial evidence rule:

> [T]he district court may not substitute its judgment for the judgment of the commission on the weight of the evidence on questions committed to the commission's discretion but:
> (1) may affirm the commission's decision in whole or in part; and
> (2) shall reverse or remand the case for further proceedings if substantial rights of the petitioner have been prejudiced because the commission's findings, inferences, conclusions, or decision are:
> > (A) in violation of a constitutional or statutory provision;
> > (B) in excess of the commission's authority;
> > (C) made through unlawful procedure;
> > (D) affected by other error of law;
> > (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
> > (F) arbitrary or capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion.

*Id*. § 158.0121.

It is the burden of the party appealing to the district court to show that the Commission's decision prejudiced a substantial right and violated at least one of the

11

six elements in section 158.0121(2). *See Dep't of Pub. Safety v. Varme*, 262 S.W.3d 34, 38 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *see also* Tex. Loc. Gov't Code Ann. § 158.0121(2). Whether the Commission's decision was supported by substantial evidence is a question of law. *See Kaup v. Tex. Workforce Comm'n*, 456 S.W.3d 289, 294 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (discussing "substantial evidence" standard in context of review of Texas Workforce Commission decision). "Review under the substantial-evidence rule is highly deferential—the issue is not whether the agency's decision is correct, but whether the record demonstrates a reasonable basis for it." *North East Indep. Sch. Dist. v. Riou*, 598 S.W.3d 243, 251 (Tex. 2020) (citing *City of El Paso v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d 179, 185 (Tex. 1994)). The fact finder, here the Commissioners, are the sole judges of witness credibility and are free to accept or reject any or all the testimony of any witness and courts presume substantial evidence supports the Commission's determination. *See Granek v. Tex. State Bd. of Med. Exam'rs*, 172 S.W.3d 761, 778–79 (Tex. App.—Austin 2005, no pet.). "If there is substantial evidence which supports the order, the courts are bound to follow the discretion of the administrative body." *Firemen's and Policemen's Civ. Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex. 1984).

## Analysis

In Cotton's live petition, Cotton alleged that she was deprived of a fair hearing and due process because she was not permitted to challenge her two-day unpaid suspension and because the County submitted evidence to the Commission outside the hearing. Eleven months after Plaintiff's Original Petition, the County filed Defendants' No-Evidence Motion for Summary Judgment and argued that Cotton had no evidence that she was deprived of a fair hearing or due process and that Cotton had produced no evidence that the Commission's decision was not supported by substantial evidence.

Cotton responded and stated that she incorporated by reference the Exhibits submitted with the County's summary judgment motions. Cotton then argued that the submission of evidence to the Commissioners before the hearing deprived her of due process and that the Regulation that disallowed the appeal of a suspension of three days or less is contrary to the law. However, Cotton provided no evidence that the submission to the Commissioners deprived her of due process or a fair hearing. Even if we consider the evidence submitted by the County which included Cotton's Grievance Hearing Transcript dated January 30, 2023, the Commission's final decision dated February 15, 2023, Montgomery County Civil Service Regulations approved and effective July 7, 2004, Cotton's Employee Grievance Form dated

13

November 18, 2022 with thirty-nine exhibits and witness list submitted by the County, Business Record Affidavit of Dodi Shaw dated January 9, 2024, electronic mail messages dated November and December 2022, between Dodi Shaw and Greg Cagle, and the Deposition Transcript of Dodi Shaw dated November 1, 2023, such evidence does not support either of Cotton's arguments. Rather, the evidence strongly supports the County's argument that Cotton had a fair hearing. For example, the deposition transcript of Dodi Shaw, Human Resources Director and Civil Service Director for the County was included with the County's summary judgment motion. Shaw testified that when she received Cotton's grievance form filed on November 18, 2022, she immediately sent a copy of it to the County Attorney's office. Shaw then testified that she sent a copy of the County's thirty-nine exhibits to the Commissioners before the January 30, 2023, grievance hearing, and that she sent the same exhibits and information to Cotton. Shaw testified that she did not provide the Commissioners with any admonishments or instructions regarding the exhibits and only stated that the documents were the County's exhibits. Shaw also testified that when she sent the County's exhibits to the Commissioners, she also sent the information and exhibits filed by Cotton. Shaw's testimony is clear that not only did she submit the County's evidence outside the confines of the grievance hearing, but she sent the same evidence to Cotton and sent Cotton's exhibits to the

14

Commissioners. This evidence does not show that Cotton was denied a fair hearing or denied due process. Instead, the evidence establishes that Shaw, on behalf of the County, ensured that the Commissioners had all the evidence to be submitted from both parties, before the hearing. Further evidence demonstrates that Cotton cross-examined the County's witnesses at the grievance hearing and questioned witnesses about personnel complaints against Cotton that were included in the County's exhibits. The record confirms that Cotton also testified on her own behalf.

Additionally, Regulation 4.03(C) specifically states that "[t]he Commission is an administrative body and particularly will not be bound by technical rules of evidence." Cotton does not point to any document received by the Commission that unfairly prejudiced her, nor does she identify a provision or Regulation that prohibits the submission of evidence to the Commissioners by the Human Resources Director prior to the beginning of the hearing.

We conclude the trial court did not err in granting the County's summary judgment because Cotton failed to demonstrate or provide evidence that she was deprived of a fair hearing or due process. We overrule Cotton's first issue.

Next, Cotton challenges the Commission's refusal to hear the appeal of her two-day suspension. According to Cotton, when requiring the Commission to adopt

15

rules for grievances and disciplinary actions, the legislature could not have intended for the Commission to adopt a regulation prohibiting appeals of certain suspensions.

Chapter 158 of the Texas Local Government Code governs the County Civil Service System of County Officers and Employees. *See generally* Tex. Loc. Gov't Code Ann. ch. 158. The chapter authorizes the Commission to "adopt, publish, and enforce rules" over certain matters including:

(6) disciplinary actions; [and]

(7) grievance procedures[.]

*Id.* § 158.009(a)(6), (7).

Cotton testified that she had been employed with the MCSO since 2007, and on appeal, she does not dispute that she is an employee covered by the Regulations. Here, Cotton specifically challenges the Commission's provision that only authorizes a grievance of suspension of more than three days. The Regulation states "Under the 'Powers of the Commission,' as cited in Section 158.009[2] of the Texas

---

[2]We quote Texas Local Government Code section 158.009 as cited in the Montgomery County Civil Service Regulations 4.00. However, we note that Subchapter B (sections 158.031-.42) is applicable including the Powers of Commission in section 158.035. *See* Tex. Loc. Gov't Code Ann. § 158.035. Both sections 158.009 and 158.035 authorize the commission to adopt, publish, and enforce rules regarding disciplinary actions and grievance procedures. *Id.* §§ 158.009, 158.035. Neither party argues on appeal that the Regulations cite an incorrect section.

16

Local Government Code, and these Regulations, any Civil Service employee of the county who has completed his/her probationary period may file a grievance only in matters of discharge, involuntary demotion, or suspension of more than three (3) days." *See* Montgomery County Civil Service Regulations, Ch. 4.00.

When construing statutory language, we look to and rely on the plain meaning of a statute's words as expressing legislative intent unless a different meaning is supplied, is apparent from the context, or the plain meaning of the words leads to absurd or nonsensical results. *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 389–90 (Tex. 2014). We read the words and phrases in a statute "in context and construed according to the rules of grammar and common usage." Tex. Gov't Code Ann. § 311.011. We further presume "the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen." *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). Through Chapter 158, the Legislature authorized Commissioners to construct and enforce rules pertaining to certain matters, including disciplinary actions and grievance procedures. *See* Tex. Loc. Gov't Code Ann. § 158.009(a)(6), (7). Though Cotton argues that the Commissioners should not be able to prohibit the appeal of suspensions of three days or less, Cotton fails to point to any rule or provision that restricts or prohibits the Commissioners from

17

doing so, and section 158.009 expressly authorizes the Commissioners to construct laws pertaining to disciplinary action and grievance procedures. *See Crosstex Energy Servs., L.P.*, 430 S.W.3d at 389 (explaining that we rely on the plain meaning of a statute's words as expressing legislative intent); s*ee* Tex. Loc. Gov't Code Ann. § 158.009(a)(6), (7). We overrule Cotton's second issue.

## Conclusion

Having considered and overruled both of Cotton's issues, we affirm the trial court's judgment.

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on December 4, 2025
Opinion Delivered March 26, 2026

Before Golemon, C.J., Johnson and Wright, JJ.